·CORNELIA A. WILLIAMS, Executrix, *v.* C. G. McHATTON.

When the intent of the parties is doubtful, the construction put upon it, by the manner in which it has been executed by both, or by one with the express or implied assent of the other, furnishes a rule for its interpretation.

APPEAL from the District Court of the Parish of E. Baton Rouge, *Avery, J. Dunn & Herron*, for plaintiff. *Thomas G. Morgan*, for defendant and appellant.

·LAND, J. The plaintiff is the testamentary executrix of the estate of *Barnett Williams*, deceased, who was an heir at law of *Merritt Williams*, who resided and died in the State of Kentucky. And for the purpose of collecting the distributive share or portion due to the estate of *Barnett Williams* in Louisiana, she gave to the defendant an order on the administrator of the estate of *Merritt Williams* in Kentucky, in the following words, to wit: "Please pay to *Charles G. McHatton*, or order, any amount that may be due the estate of *Barnett Williams*, deceased, as heir to the succession of his deceased father, *Merritt Williams*, including also the payment to fall due in the month of March, 1858."

On this order the defendant collected from the administrator in Kentucky the sum of three thousand six hundred and ten dollars and fifty-nine cents ($3,610 59). And the question to be decided in the case is, whether this order was given to the defendant for the purpose of paying a debt which the succession of *Barnett Williams* owed to him, or whether it was given as a letter of procuration, constituting him the agent of the plaintiff for the collection of the money due from the estate in Kentucky.

It appears that, in the liquidation of the debt due from the estate of *Barnett Williams* to the defendant, the sum of nine hundred and thirty-one dollars and eighteen cents ($931 18) of the moneys received from the administrator in the State of Kentucky was accounted for to the plaintiff and credited on the claim ; but the other sums received by the defendant, amounting to $2,675 45, were not accounted for to the plaintiff, although received prior to the liquidation, and are consequently still due.

The fact that the defendant did not account to the plaintiff for the sums above mentioned in the liquidation of his claim against the estate of *Barnett Williams*, is a strong presumption that they were not received in payment under the order, especially as the liquidation was effected by a judgment rendered contradictorily between the parties, which judgment remains in full force and effect against the estate.

The defendant does not pretend that there was any error in the judgment liquidating his claims against the succession of *Barnett Williams ;* and having by his acts placed a construction upon the order as a mandate or letter of attorney for the collection of the moneys received and not accounted for, he is concluded thereby from claiming said sums in payment of his debt against the estate. Civil Code, 1951.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower Court be affirmed, with costs.