(132 So. 408)

**J. HERMAN CO. v. A. ACKAL & BRO.**

No. 27143.

Jan. 5, 1931.

Rehearing Denied Feb. 2, 1931.

Burke & Smith, of New Iberia, for appellants.

Dan W. Voorhies, of St. Martinville, for appellee.

ROGERS, J.

This is a suit for the recovery of an alleged balance due on open account. The defense is payment for the goods ordered and the return of goods not ordered. The account sued on consists of nine different lots of merchandise invoiced in the aggregate at $6,928.68, on which defendants are allowed credit for cash paid and merchandise returned in the total sum of $4,878.88, leaving $2,050 as the balance claimed to be due. The court below gave plaintiff judgment for the amount claimed, subject to a credit of $256 for a shortage in one of the shipments. Defendants appealed.

The aggregate of the amount sued for represents two items, one for $280 and the other for $1,770 being the invoice price of merchandise shipped to and returned by the defendants. The merchandise valued at $280 was shipped back to plaintiff on July 5, 1920, and consisted of the unsold merchandise out of the invoices of April 24 and 30 and May 7, 15, and 18, 1920. This shipment, however, was lost in transit and was never received by plaintiff. The merchandise valued at $1,-770 was shipped back to plaintiff on October 2, 1920, and consisted of the unsold merchandise out of the invoices of July 30, August 26th, and September 1, 1920. The account sued on also includes an item of $744 for merchandise shipped to defendants on September 29, 1920, which merchandise was returned by defendants and credit allowed therefor under date of October 20, 1920.

From July 30, 1920, to September 29, 1920, both inclusive, a period of sixty days, plain-

tiff shipped defendants four separate lots of merchandise, the total purchase price of which was $5,698. During the same period, defendants returned three separate lots of merchandise valued at $1,695, which were accepted by plaintiff and credited to defendants' account. Plaintiff also allowed defendants credit for $35 to cover certain express charges paid by defendants and for two cash payments, one on October 8, 1920, for $1,-000, and the other on October 25, 1920, for $1,198. The total credits amounted to $3,928, leaving in dispute the difference between that amount and $5,698, the total purchase price of the goods in question, or the sum of $1,-770.

The contention of defendants that plaintiff shipped goods it had not ordered finds considerable support in the fact that plaintiff accepted without demur the return of three separate lots of goods valued at the sum of $1,695. The manner in which the parties acted in their transactions is a better indication of their common intent than their subsequent and conflicting testimony in relation thereto. Cf. Metcalfe v. Green, 140 La. 950, 74 So. 261; Levert Co. v. Moore Planting Co., 135 La. 77, 64 So. 987; Williams v. McHatton, 16 La. Ann. 196. But, however that may be, our opinion is that defendants are entitled to a credit of $1,770, representing the value of the goods returned to plaintiff on October 2, 1920, and for which plaintiff has refused to give defendants credit.

While plaintiff, at first, declined to accept the goods thus returned, it did so later, instructing the express company to deliver them to the Manhattan Storage Company, where they were received and stored in plaintiff's name and for plaintiff's account. No notice whatever was given defendants of plaintiff's action in this regard. Some four months later, plaintiff filed this suit, and in its pe-tition it expressly negatived the fact that it had taken possession of the goods, its allegation being that it had refused to accept the goods from the express company, by which they were being held for the charges in spite of plaintiff's demands on defendants to recall same. The fact that plaintiff had accepted the goods and had deposited them with the storage company was only disclosed by defendants' cross-examination of plaintiff's witnesses on the trial of the case. When this occurred, plaintiff took the position for the first time so far as defendant is concerned that it was retaining the goods subject to plaintiff's order.

Conceding the correctness of plaintiff's theory that the sales to defendants were executed and not executory transactions, nevertheless, there can be no question that defendants' intention in returning the goods was to obtain a rescission of the sales. An agreement to rescind may be proved by parol; and it is not essential that a party in express terms consent to the rescission, but such consent may be implied from his acts and his conduct. Conceding, also, that plaintiff could have taken possession of the goods for the purpose of preventing or of minimizing the loss, it could not do so without notice to the defendants. The rule governing such a case is stated in Meechem on Sales, vol. 2, at p. 1371, in these words, viz.: "But if the seller elects to store the goods as the goods of the buyer, and then sue for the price, he must exercise his election and give notice of it to the buyer within a reasonable time."

Our conclusion is that, when the plaintiff took possession of the goods and stored them in its name and for its account without notice to defendants that they were accepted merely for the purpose of preventing or minimizing loss and not for the purpose of rescinding the transactions, it ratified defend-

ants' action in returning the goods for the purpose of rescission . and terminated the rights of the parties under their original agreements.

■ "A rescission whether by agreement or in invitum terminates all the rights of the parties under the original contract, and they cannot be revived except by the assent of both parties. The title to the goods is revested in the seller and he cannot maintain an action for the price." 35 Cyc. pp. 158, 159.

■ Defendants, however, are indebted to plaintiff for $280, the purchase price of the goods which defendants attempted to return, but which were not received by the plaintiff. The judgment will have to be recast-accordingly.

· For the reasons assigned, the judgment appealed from is annulled, and it is now ordered that there be judgment in favor of plaintiff, J. Herman & Co., and against the defendants, A. Ackal & Bro., a commercial partnership, and A. Ackal and Elias Ackal, the members of said partnership, in solido, in the full sum of $280, with legal interest thereon from judicial demand. Defendants to pay the costs of the original hearing and plaintiff to pay the costs of appeal.