ELLIS, Judge:
This is a suit to recover the value of a motor vehicle allegedly destroyed because of the joint negligence of the defendants. Plaintiff is P & C Motors, Inc., which alleges itself to be the owner of the damaged vehicle. Defendants are Peter Crifasi, owner of a pickup truck involved in the accident; The Travelers Insurance Company, his insurer; John R. Richardson, owner of the other vehicle; and Allstate Insurance Company, his insurer. Both defendants filed exceptions of no right of action, alleging that plaintiff was not the owner of the damaged vehicle. After trial on the exception, the trial court sustained the exception and dismissed plaintiff’s suit, and plaintiff has appealed.
The record shows that plaintiff, a used car dealer, was the owner of a 1971 Buick automobile. On September 1, 1971, it entered into a deal for the sale of the Buick and another automobile to The Empire Farm, Inc., represented by Raymond Starns. A bill of sale was executed which apparently contained some language to the effect that title to the vehicle would not pass until the draft given in payment had been honored. There is no copy of the bill of sale in the record, and the foregoing statement is gleaned from the testimony of H. W. Parson, president of the plaintiff corporation.
The bill of sale and certificate of origin were attached to a draft drawn by Empire on Central Louisiana Bank of Marksville, Louisiana, and the draft then was deposited with Louisiana National Bank of Baton Rouge for collection. The Empire Farm, *450 Inc. had no account with the Central Louisiana Bank, which dishonored same and returned it, along with the title papers. The other vehicle sold to Empire was returned to plaintiff voluntarily, but, before, the Buick was located, it was demolished in the accident. Both vehicles have since been sold by plaintiff, the Buick for its salvage value.
Defendants claim that the transaction between plaintiff and Empire was a completed sale, and that Empire was the owner thereof when the accident occurred. Plaintiff contends that the sale was made subject to a suspensive condition, and that title would not pass unless the purchase price was paid by honoring the draft. It relies on the provisions of Article 2471 of the Civil Code, which provides, in part:
“A sale, made with a suspensive condition, does not transfer the property to the buyer, until the fulfillment of the condition.
“If the thing be destroyed before this happens, the loss is sustained by the seller.”
Defendants rely on the principle established by Article 2456 of the Civil Code, which states:
“The sale is considered to be perfect between the parties, and the property is of right acquired to the purchaser with regard to the seller, as soon as there exists an agreement for the object and for the price thereof, although the object has not yet been delivered, nor the price paid.”
In this case, there was agreement as to the object and the price thereof, and, under Article 2456, supra, there was a completed sale, unless the payment of the price can be considered a suspensive condition. In Barber Asphalt Paving Co. v. St. Louis Cypress Co., 121 La. 152, 46 So. 193 (1908), the Court said:
“The supposition that the payment of the price can be made a suspensive condition, or condition precedent, to a sale, is altogether a mistaken idea. A price cannot be paid until there is a price; and there cannot be a price until there is a sale; and there cannot be a sale until the condition precedent to being one is accomplished. The proposition of the payment of the price being a condition precedent to the sale is on a par with those of putting the cart before the horse, and of not going into water before knowing how to swim. It is the sale which creates the price; the existence of the sale is a condition precedent to there being a price. The payment of the price cannot, therefore, be a condition precedent to the existence of the sale; unless, indeed, two events can be conditions precedent to each other.
“Nothing that is said in this opinion abridges in the slightest degree the liberty of parties to make such contracts as they please. But parties cannot make impossible contracts.”
Plaintiff and Empire agreed to the price and the thing, and Empire gave plaintiff its draft, which, as drawn, is an unconditional promise to pay. If plaintiff’s position is correct, plaintiff would be able, on non-payment of the draft, to either call off the sale or enforce payment of the draft. If we so held, plaintiff would be bound conditionally and Empire unconditionally, which is contrary to the tenets of the civil law as expressed in the Barber Asphalt case, supra.
We therefore hold that there was a completed sale between plaintiff and Empire, and that, at the time of the accident, Empire was the owner of the damaged vehicle. However, it further appears from the deposition of Mr. Parson that Empire makes no claim to the ownership of either of the cars it purchased, and did, in fact, voluntarily return them to plaintiff. We think that this fact, coupled with plaintiff’s subsequent sale of both vehicles without objection from Empire, indicates that the original contract of sale was rescinded by *451 mutual consent of the parties, and that title to the vehicles and all rights appurtenant thereto vested once again in the plaintiff. Article 1901, Civil Code; see J. Herman Co. v. Ackal & Bro., 171 La. 875, 132 So. 408 (1931) ; Quirk v. Raymond Heard, Inc., 222 La. 46, 62 So.2d 96 (1952).
We therefore hold that, under the evidence presented, plaintiff had a right of action to recover the damages suffered as the result of the accident sued on herein. The exception must be overruled.
The judgment appealed from is reversed, and there will be judgment herein in favor of plaintiff, overruling the exception of no right of action, and remanding the case to the trial court for trial on its merits. All costs of this appeal are to be paid by defendants, and all other costs to await final determination of the case on its merits.
Reversed and remanded.