DOMENGEAUX, Judge.
Plaintiff-appellee, Mark Hulin sued defendant-appellant, the State of Louisiana, Through the Department of Public Safety, for the return of his driver’s license after it had been suspended because he allegedly refused to take a breath test. The trial on this matter was heard on September 25, 1986, and the Trial Judge, after viewing all of the evidence presented, ruled in favor of Mr. Hulin and reinstated his driving privileges. The Trial Judge found that the plaintiff did not refuse to take the breath test and therefore, the State unlawfully suspended plaintiff’s license. The State has devolutively appealed this ruling.
The record lodged on appeal contains no transcript of the trial proceedings. Also, no evidence viewed by the Trial Court is before us except for State Exhibit No. 1, which is a copy of the Advice of Rights form completed by the police after the plaintiff’s arrest indicating that the plaintiff refused a breath test. Additionally, the parties have not joined in filing a written narrative of the facts as authorized by Louisiana Code of Civil Procedure article 2133. Hence, this Court is required under article 2133, to view the Trial Judge’s written narrative of facts as conclusive.
*102 The Trial Judge found that Mr. Hu-lin did not refuse to take the breath analysis test when the arresting officer offered it to him. La.R.S. 32:666 requires that a person under arrest for operating while under the influence will have his driver’s license seized if he refuses to take a chemical test. Based on the conclusive findings of fact of the Trial Judge that Mr. Hulin did not refuse to take the test, his license was improperly suspended on this basis.
For the above and foregoing reasons, the ruling of the Trial Court is affirmed. Costs on appeal are assessed against the defendant.
AFFIRMED.