KING, Judge.
The issue presented by this appeal is whether or not the trial court erred in finding the parties had entered into an unconditional contract of sale.
Delcambre Seafood Market, Inc. (hereinafter plaintiff) filed suit against Gilbert J. Richard, Sr. (hereinafter defendant) to recover the purchase price of a utility trailer after defendant’s refusal to tender payment. After trial on the merits, the trial court took the matter under advisement. The trial court rendered written reasons for judgment and granted judgment in favor of plaintiff and against defendant for the sum of $4,000.00 representing the agreed-upon purchase price, together with legal interest and court costs. Defendant timely appeals the adverse judgment. We affirm.
FACTS
On or about March 14, 1986, plaintiff sold and delivered to the defendant a 1971 shop-made utility trailer for the price of $4,000.00. Plaintiff’s representative, Mr. Hamilton Mitchell, executed a bill of sale showing “Gator Used Cars” as the vendee and indicating a purchase price of $100.00. The defendant did not sign this bill of sale. This sales price and the name of the vendee was apparently placed in the bill of sale at defendant’s request.
Defendant at that time then signed a draft drawn upon Gator Used Cars for $4,000.00, the agreed-upon purchase price and advised plaintiff to present the draft to the drawee bank. Upon presentation of the draft by the plaintiff, the draft was dishonored.
On April 1, 1986, plaintiff, through its representative, and defendant’s son, Gilbert Richard, Jr., executed a second bill of sale reciting the actual purchase price of $4,000.00. This bill of sale also shows that Gator Used Cars was again listed as the vendee and the signature of Gilbert Richard, Jr. appears under the vendee’s name.
The record lodged on appeal contains no transcript of the trial proceedings. Also, no evidence is before us but the court min *542 utes, pleadings, and exhibits introduced in evidence. Additionally, the parties have not joined in filing a written narrative of the facts as authorized by Louisiana Code of Civil Procedure Article 2131. For this reason, this court is required under Article 2131 to view the trial judge’s written narrative of facts in his written opinion as conclusive. Hulin v. State, Dept. of Public Safety, 525 So.2d 101 (La.App. 3 Cir.1988). Apparently both defendant and his son testified that the first and second sales transactions were subject to the suspensive condition that Gator Used Cars would be able to secure financing to pay the draft. Plaintiff apparently denied such a condition existed at the time the parties entered into the sale agreement.
Mr. Harry Robicheaux, a business associate of defendant at the time of the transaction, and plaintiff’s representative, Mr. Hamilton Mitchell, also apparently testified on plaintiff's behalf. Apparently, both testified that financing was never discussed and that defendant was the only other person present during the negotiations between the parties.
Though it is not clear from the record, apparently defendant did not pay the $4,000.00 after the second bill of sale was executed. Consequently, plaintiff filed suit on August 19, 1986 against defendant, d/b/a Gator Used Cars and/or Cajun Used Cars, claiming entitlement to a money judgment against defendant in the sum of $4,000.00, representing the agreed-upon purchase price for the trailer, together with legal interest and all costs of court.
A trial on the merits was held on June 16, 1987. Defendant filed an exception of no cause of action at the beginning of the proceeding, alleging his son, rather than defendant, and plaintiff were in fact the contracting parties. The court allowed the filing of the exception, subject to plaintiff’s objection, and referred the exception to the trial on the merits.
After hearing testimony of the witnesses and viewing the evidence introduced by the parties, the trial court rendered judgment in favor of plaintiff and against defendant, finding the conduct of the parties, on or about March 14, 1986, manifested an intent that there should be a completed sale by plaintiff to the defendant. The trial court’s written reasons for judgment reflect that the trial court’s finding of fact was based primarily on the fact that neither the draft defendant signed and issued nor the bill of sale contained language showing that the contract was subject to a suspensive condition. This finding of fact in the trial judge’s written narrative of facts is conclusive. Hulin v. State, Dept. of Public Safety, supra. It is from this judgment that defendant devolutively appeals.
The record does not reflect that judgment was ever rendered disposing of the exception of no cause of action. For this reason we will consider the exception as having been rejected by the trial court. Under established jurisprudence, all of the issues presented by the pleadings on which evidence has been offered will be considered as having been disposed of by a final judgment in the cause, and any demand passed over in silence will be considered as having been rejected by the trial court. Miller v. Miller, 480 So.2d 789 (La.App. 3 Cir.1985), writ den., 481 So.2d 1337 (La.1986), and the cases cited therein.
PAYMENT OF PRICE AS A SUSPENSIVE CONDITION TO SALE
On appeal, plaintiff contends the transaction was a completed sale. Defendant argues in brief to this court that the two bills of sale were executed to Gator Used Cars so that he could secure financing to purchase the trailer and, as the financing was never obtained, the sale was never completed.
The defendant relies on the provisions of LSA-C.C. Article 2471, which provides, in part:
“A sale, made with a suspensive condition does not transfer the property to the buyer, until the fulfillment of the condition.”
On the other hand, plaintiff relies on the principle established in LSA-C.C. Art. 2456, which provides:
*543 “The sale is considered to be perfect between the parties, and the property is of right acquired to the purchaser with regard to the seller, as soon as there exists an agreement for the object and for the price thereof, although the object has not yet been delivered, nor the price paid.”
We find the situation here analogous to that in the case of P & C Motors, Inc. v. Crifasi, 277 So.2d 449 (La.App. 1 Cir.1973), writ den., 281 So.2d 738, 739 (La.1973). In that case, the plaintiff “entered into a deal” for the sale of an automobile. After the plaintiff and the buyer reached an agreement as to the price, plaintiff delivered possession to the buyer and received a draft in payment. This draft was subsequently dishonored. The automobile was destroyed in an accident and plaintiff filed suit, as owner of the automobile, to recover the value of the destroyed automobile contending the sale was made “subject to a suspensive condition, and that title would not pass unless the purchase price was paid by honoring the draft.” Defendants excepted to plaintiff’s suit claiming plaintiff had no right of action for damages to the car since there was a completed sale between plaintiff and the buyer. In that case the court, citing Barber Asphalt Paving Co. v. St. Louis Cypress Co., 121 La. 152, 46 So. 193 (1908), held the sale of the automobile was complete when the plaintiff and the buyer agreed to the object and price, and that the sale was not subject to a suspensive condition merely because payment was to be made by a draft which was subsequently dishonored. The court rejected the argument that there was not a completed sale because payment of the price was a suspensive condition of a sale.
In this case, it is undisputed that there was an agreement as to objecjt and price. When defendant caused a draft to be issued to plaintiff and plaintiff delivered the trailer to him, the transaction became a completed sale and ownership of the trailer passed from plaintiff to defendant for the agreed-upon price of $4,000.00. The mere fact that the draft given in payment was dishonored did not suspend defendant’s obligation to pay the purchase price or plaintiff’s obligation to deliver and warrant the item sold. See LSA-C.C. Articles 2475, 2549. We do not find that the trial judge was clearly wrong or manifestly in error in finding that the intent of the parties was to effect a sale of the trailer from plaintiff to defendant on March 14, 1986, when they reached an agreement for the object and its price.
For the foregoing reasons the defendant’s exception of no cause of action is overruled and the judgment of the trial court is affirmed. All costs of this appeal are assessed to defendant-appellant.
AFFIRMED.