### INTERSTATE TRUST & BANKING CO. et al. v. JONES COUNTY, MISS. *
### No. 7672.

Circuit Court of Appeals, Fifth Circuit.
May 22, 1935.

Bert Flanders, Jr., and Walter F. Marcus, both of New Orleans, La., for appellants.

John D. Miller, of New Orleans, La., and A. B. Schauber, of Laurel, Miss., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

SIBLEY, Circuit Judge.

Jones county, a political entity of Mississippi, on August 21, 1933, brought its bill in a federal court in Louisiana against Interstate Trust & Banking Company, a corporation of Louisiana, to declare an equitable lien on the assets of the latter for $4,135.94 of commingled funds belonging to the former, and in the alternative a lien under Act No. 63 of the Louisiana Legislature of 1926. The bank answered, admitting allegations that on February 20, 1933, Jones county had sent a check drawn on another bank for $4,135.94 with a letter stating that the sum was to be used in the payment of described bonds and coupons due by Jones county on March 2, 1933,

*Rehearing denied June 26, 1935.

at the bank, the bonds and coupons· when paid to be sent in for cancellation; that the bank had collected the check but had neither paid any bonds or coupons nor returned the money as demanded, but had at all times since been in possession of cash in excess of that so received. The bank's defense was that pursuant to custom of New Orleans banks the money had been deposited to the credit of Jones county and mingled with the bank's funds, and before any bonds or coupons were presented for payment the "bank holiday" had been declared and thereafter the bank had under Treasury Regulation 27 of March 18, 1933, been restricted to pay only 5 per cent. in cash to its depositors and creditors. It denied that the fund in dispute was a trust, and affirmed Jones county to be only a general depositor. On July 2, 1934, on suggestion that the bank had been put in liquidation and was in charge of the state bank commissioner and a liquidator named by the directors of the bank, Jones county moved that the liquidating agents be made parties. Being served, they moved to dismiss the bill because the liquidation proceedings were under the supervision of the Civil district court of the parish of Orleans, and permission of that court had not been granted to implead them. Subject to this motion they answered as the bank had done, and in addition set up the pendency of the liquidation proceedings and that Jones county had not filed its claim thereunder, and that numerous claimants of special liens had filed claims exceeding in amount the bank's cash, which, if correct, would have equal rank with that of Jones county. It was denied that Act No. 63 properly construed gave Jones county any special priority. On the hearing the motion to dismiss was overruled and it was stipulated that the proclamations and Treasury regulations regarding the banking holiday were to be noticed by the court and that the bank was a member of the Federal Reserve system. There is no statement of the evidence made up under Equity Rule 75 (28 USCA following section 723). The decree recites that the case was submitted on the merits prior to the taking over of the bank by the state banking commissioner, and it finds that Jones county is a creditor of the bank in the sum claimed, with interest at 5 per cent. from February 23, 1933, and it awards a preference and priority over all other depositors and creditors under Act No. 63 of 1926. It

further finds that the bank when placed in liquidation had in its possession more than $4,135.94 in cash which came to the possession of the liquidators. Decree is thereupon entered against the bank and against the liquidators to the extent of assets coming into their hands, to be paid in preference to all claims of depositors and creditors except for law and judicial charges.

 The facts thus admitted in the pleadings might have warranted a decree that the funds remitted the bank were not a deposit but a trust, with an equitable lien on the bank's assets resulting from their commingling. We understand the decree, however, to be planted on a privilege created by Act No. 63 of the Legislature of 1926. That act declares that when a bank receives any check, as agent, for collection and remittance or delivery to its principal and not for deposit, and collects it, and has not deposited it to the credit of the principal, the principal shall have a privilege for the amount collected against all the bank's property and assets. The Supreme Court of Louisiana in Re Liquidation of Hibernia Bank & Trust Company, Intervention of Jones County, 181 La. 335, 159 So. 576, held that the deposit which defeats the privilege is one with the consent and approval of the principal, and the privilege was there upheld on a case precisely like this. The decision is binding on the federal courts and establishes the right of Jones county to the preference here decreed it.

 But the liquidators contend that the court was without jurisdiction so to decree, or at least abused discretion in doing so, after the institution of the liquidation proceedings, and should in any event have gone no farther than to establish the claim of Jones county and to remit the matter thereafter to the usual course of liquidation. The Louisiana bank liquidation law is found in Act No. 300 of 1910, as amended in 1920 and 1921. It provides that when a state bank or trust company has repeatedly violated its charter, or its officers habitually violate the state banking laws, or the corporation is in an unsound or unsafe condition, the state bank commissioner with the approval of the Governor may take possession of its books, property, and affairs for liquidation or until the unsound condition is relieved. The board of directors have the right to appoint a coliquidator to assist. If liquidation is determined on,

notice is to be given to the public and the creditors, and thereafter liens, charges, and liabilities against the assets cannot be incurred. On the order of the Civil district court of the domicile, debts due to the bank may be sold or compounded, and its real and personal property may be sold. Appointment of liquidating agents is to be filed in the said court, which may on application require bond of them, and a copy of the inventory is to be filed there. If a claim against the bank be rejected by the liquidators, notice thereof must be served and "an action upon such claim may be brought only within six months after the date of such service." The state banking commissioner, after collecting the assets, is to make ratable dividends and to deposit in the court for such creditors and depositors as cannot be located the money coming to them. The expenses of liquidation are fixed by the commissioner subject to the approval of the court, which cannot increase them. If the bank desires to contest the taking over of its affairs by the commissioner it may apply within thirty days to the district court for an injunction. After paying all depositors and creditors, the remaining assets are to be redelivered by the commissioner to the stockholders in meeting. From this brief summary it is evident that the proceeding is not instituted in or by the Civil district court. The court acts only when applied to in the matters specified by the act. The statutory liquidation excludes ordinarily liquidation by the courts. Hiern v. Interstate Trust & Banking Co., 178 La. 998, 152 So. 684. The state officials and the liquidator appointed by the directors are not officers of the court any more than the receiver of a national bank is. While the courts are not, except in extreme cases, to supersede or oust a statutory liquidation, Pennsylvania v. Williams, 294 U. S. 176, 55 S. Ct. 380, 96 A. L. R. 1166, the liquidators are amenable in particular matters to court process. See Amos v. Trust Co. of Florida (C. C. A.), 54 F.(2d) 286. The Louisiana Act particularly provides that if a claim against the bank is rejected by the liquidators an action in court may be brought on it within six months after notice of its rejection. No particular court is specified. No consent is necessary from the Civil district court for the suit. In the present case the jurisdiction of the federal court attached and the case had been submitted for decision when the liquidation began.

There is no allegation in the record and no finding that the Interstate Trust & Banking Company was insolvent, or that liquidation was undertaken for that reason. The privilege given by Act No. 63 is not conditioned on insolvency, nor is it a preference arising on liquidation of a bank, but it arises against the assets of any bank so soon as the things are done which the statute names. The court's jurisdiction did not fall when for an undisclosed cause the bank went into liquidation. The then representatives of its assets were called in to defend. That no leave had been asked of the Civil district court was their only ground of objection. It was rightly overruled. They pleaded that there were other similar claims which would exceed the cash held by or for the bank. But the privilege covered not only cash, but all the property of the bank. If an insufficiency of the fund had been proven, the court would probably have left open the question of participation with others similarly situated. But there is nothing to show that any such proof was made, and in argument it is stated that there was none. The court did not err in entering a final decree against the bank and its assets.

Judgment affirmed.