FINANCE CO. OF AMERICA AT BALTI-
MORE et al. v. BROCK et al. *
No. 7894.

Circuit Court of Appeals, Fifth Circuit.
Jan. 9, 1936.

C. Ellis Henican, of New Orleans, La., and Joseph Wase, of Baltimore, Md., for appellants.

Henry P. Dart, Jr., Wm. C. Dufour, Leonard B. Levy, and John St. Paul, Jr., all of New Orleans, La., for appellees.

Before FOSTER, SIBLEY, and WALKER, Circuit Judges.

SIBLEY, Circuit Judge.

This appeal seeks to test the question whether a bill of discovery in aid of an action at law will lie against corporations and their representatives not parties to the law action to compel the production and permit the examination of the corporate books and records in advance of the trial at law in order to prepare evidence for that trial. The action at law was brought in the federal District Court to recover damages from certain persons who were directors and officers of the Canal Bank & Trust Company for alleged fraudulent misrepresentations concerning the condition of that bank and concerning Realty Operators, Inc., which was organized to take over certain slow assets of the bank, by which misrepresentations the plaintiffs were led to take stock in both corporations which they would not otherwise have taken; the bank having since gone into liquidation and its stock having proven worthless, and Realty Operators, Inc., though still functioning, being alleged to be unprosperous. Both are corporations of Louisiana. A

*Rehearing denied Feb. 21, 1936.

few months after the commencement of the law action, the present bill was filed in the same court against the liquidators of the bank and against Realty Operators, Inc., and its president, exhibiting the petition at law and asserting that numerous books and records of each corporation for periods of from three to five years contained evidence material to the case. It sought to have them produced at a time and place to be fixed by the court for examination by plaintiffs, with their expert accountants, in order to expedite and simplify the law trial. It was alleged that examination had been requested and refused, but that the judge of the state court having jurisdiction of the liquidators had signified that he would permit their books and records to be examined at the request of the federal court. The liquidators met the bill with a motion to dismiss for want of jurisdiction over them, since the state court had exclusive control of the liquidation; and Realty Operators, Inc., and its president, moved to dismiss as to themselves for want of equity. These motions the court sustained and dismissed the bill without prejudice.

█ Sinclair Refining Co. v. Jenkins Petroleum Process Co., 289 U.S. 689, 53 S.Ct. 736, 77 L.Ed. 1449, 88 A.L.R. 496, shows that, notwithstanding the modern federal procedures at law by notice to produce books and papers and subpœnas duces tecum, which compel production only at the trial, and which in cases of great complication might only make confusion, a discovery in equity before trial may be compelled from the adversary party in the chancellor's discretion. Brown v. McDonald (C.C.A.) 133 F. 897, 68 L.R.A. 462, Kurtz v. Brown (C.C.A.) 152 F. 372, 11 Ann.Cas. 576, Griesa v. Mutual Life Ins. Co. (C.C.A.) 169 F. 509, Coca-Cola Co. v. Atlanta, 152 Ga. 558, 110 S.E. 730, 23 A.L.R. 1339, and Gill v. Smith, 117 Fla. 176, 157 So. 657, are cited to prove that persons not parties to the law case, provided they are not total strangers to the parties and cause of action, may, when necessary, be proceeded against for such discovery before trial. But we do not have to pass broadly upon the existence and limits of the equitable remedy claimed because of peculiarities of this case. The review of the judgments sustaining separate motions to dismiss made by different parties and on different grounds confines us to the points raised by each motion.

█ As to Realty Operators, Inc., we think the court rightly dismissed for want of equity because of three considerations: First, the bill does not show that the declaration at law had been answered. The answer under the form of pleading in Louisiana may admit much. Until issue joined it cannot be known what is to be tried, or what evidence will be relevant. Second, it is not alleged that the defendants in the law case conducted the affairs of this corporation or had any connection with it during the time the books and records were made, although we note the present president has the same name as one of the persons sued at law. It would seem that the books and records of the corporation would not be evidence but pure hearsay in the trial of the law case. The proposal as a litigant to examine generally the corporate books and records for a period of three years has every appearance of a "fishing" enterprise. If there be specific documents or records which would be material evidence, it is not apparent that subpœnas duces tecum would not be adequate to make them available at the trial, and, should they be voluminous and intricate, time to examine them before announcing ready and impanelling the jury could be granted. Third, the complainants are alleged from the beginning of the company to have been its stockholders. It is well settled in Louisiana that stockholders have the right at reasonable times and places and for proper purposes to examine the books and papers of the corporation and to have the assistance of accountants in doing so. Legendre v. New Orleans Brewing Association, 45 La.Ann. 669, 12 So. 837, 40 Am.St.Rep. 243; Orlando v. Reliance Homestead Association, 171 La. 1027, 132 So. 777, 778. This is the law generally. Guthrie v. Harkness, 199 U.S. 148, 26 S.Ct. 4, 50 L.Ed. 130, 4 Ann.Cas. 433; 7 R.C.L. Corporations, par. 298; 14 C.J. Corporations, §§ 1300, 1311.

In Orlando v. Reliance Homestead Association, supra, it is said: "The right of a stockholder to inspect the books and records of the corporation in which he holds stock rests upon the fact of ownership. The books as well as the property of a corporation belong to the stockholders, and those in charge of the con-

cern are their agents. With reference to the right of inspection, the relation of a stockholder to the corporation has been likened to that of a partner to the firm." There are limits to the right of examination, but no impropriety appears in the purpose for which these complainants desire to inspect them. They are not repudiating their stock ownership nor seeking to embarrass their corporation, but are seeking to assert their rights against others by means of the knowledge sought. There is a faint allegation of denial of inspection, but without such detail as to show that a reasonable demand has been refused. And the legal remedy for a wrongful refusal is plain and swift, a mandamus. State v. New Orleans Gaslight Co., 49 La.Ann. 1556, 22 So. 815; Orlando v. Reliance Homestead Association, supra; Guthrie v. Harkness, 199 U.S. 148, 26 S.Ct. 4, 50 L.Ed. 130, 4 Ann.Cas. 433; 7 R.C.L. Corporations, § 305; 14 C.J. Corporations, § 1314. Stockholders desiring information from their own books ought not to seek extraordinary aid from equity until their ordinary rights and remedies have been exhausted. The District Judge rightly dismissed the bill without prejudice as respects Realty Operators, Inc.

But we think he erroneously held himself without jurisdiction over the bank's liquidators. They, like the receivers of a national bank, are not court receivers and not officers of the state court, though it has, when its power is invoked to that end, duties of superintendence. The state liquidators are amenable in general to court process. Interstate Trust & Banking Co. v. Jones County (C.C.A.) 77 F.(2d) 806. In a proper case a federal court can require discovery of them and they may be impleaded to that end. But the complainants here are stockholders also of the defunct bank, and, while their right of examination of their own books may be somewhat limited by the possession of the liquidators, who are in a sense the officers of the state, the cases indicate that the liquidators, when guided by a court, should be liberal in permitting stockholders to inform themselves for their own protection. Chable v. Nicaragua Canal Construction Co. (C.C.) 59 F. 846; Newcomer v. Miller, 166 Md. 675, 172 A. 242, 92 A.L.R. 1043; Whan v. Green Star S. S. Corporation (C.C.A.) 38 F.(2d) 68. It is alleged that the state court regarded it to be the prerogative of the federal court before which the law case is pending to say what evidence was proper and necessary to be produced, by subpœna duces tecum or otherwise, before directing or advising the liquidators to produce it, following Whan et al. v. Green Star S. S. Corporation, supra. But complainants were then applying to the state court only as litigants. The stockholders' right of examination is different, and does not seem to have yet been presented to the liquidators or to the state court. The liquidators also may be subject to mandamus for an improper refusal. But the District Judge did not pass on the equity of the bill as to the liquidators nor has he exercised his discretion with reference to them. We cannot properly express an opinion on those questions. We hold merely that he erred in dismissing for want of jurisdiction, and we remand the cause as to the liquidators, that he may pass on such questions as may be hereafter raised before him.

Affirmed as to Realty Operators, Inc. Reversed and remanded as to the liquidators, with one-half of the whole cost of appeal against them.