178 So. 883

## Liquidation of CANAL BANK & TRUST CO.

## Intervention of FINANCE CO. OF AMERICA AT BALTIMORE et al.

No. 34522.

Jan. 10, 1938.

Rehearing Denied Feb. 7, 1938.

Joseph Wase, of Baltimore, Md., and Henican & Carriere and C. Ellis Henican, all of New Orleans, for appellants.

Dufour, St. Paul, Levy & Miceli and Bolan Burke, all of New Orleans, for appellee J. S. Brock, State Bank Commissioner.

LAND, Justice.

Several nonresident stockholders of the old Canal Bank & Trust Company, now in liquidation, filed suit on the law side of the United States District Court for the Eastern District of Louisiana against the former officers and directors of that bank, to recover alleged losses averred to have resulted from the illegal acts of these defendants while acting as officers and directors of that banking institution.

The title of this suit is, "Finance Company of America at Baltimore et al. v. A. D. Geoghegan et al."

These stockholders also filed in that court, on the equity side, a bill for discovery, in aid of the action at law, in the suit of Finance Company of America at Baltimore et al. v. J. S. Brock, in charge of Canal Bank & Trust Company, in Liquidation, et al."

The bill was dismissed by the Honorable Wayne G. Borah, Judge, for lack of jurisdiction.

An appeal was prosecuted to the Fifth Circuit Court of Appeals.

The decision of that court was that the United States District Court for the Eastern District has jurisdiction over J. S. Brock, in charge of the Canal Bank & Trust Company, in liquidation, and that the federal court may require discovery of state bank liquidators, before trial, who may be impleaded to that end.

In Finance Co. of America at Baltimore v. Brock, 80 F.2d 713, it is said by the Fifth Circuit Court of Appeal:

"This appeal seeks to test the question whether a bill of discovery in aid of an action at law will lie against corporations and their representatives not parties to the law action to compel the production and permit the examination of the corporate books and records in advance of the trial at law in order to prepare evidence for that trial. The action at law was brought in the federal District Court to recover damages from certain persons who were directors and officers of the Canal Bank & Trust Company for alleged fraudulent misrepresentations concerning the condition of that bank and concerning Realty Operators, Inc., which was organized to take over certain slow assets of the bank, by which misrepresentations the plaintiffs were led to take stock in both corporations which they would not otherwise have taken; the bank having since gone into liquidation and its stock having proven worthless, and Realty Operators, Inc., though still functioning, being alleged

to be unprosperous. Both are corporations of Louisiana. A few months after the commencement of the law action, the present bill was filed in the same court against the liquidators of the bank and against Realty Operators, Inc., and its president, exhibiting the petition at law and asserting that numerous books and records of each corporation for periods of from three to five years contained evidence material to the case. It sought to have them produced at a time and place to be fixed by the court for examination by plaintiffs, with their expert accountants, in order to expedite and simplify the law trial. It was alleged that examination had been requested and refused, but that the judge of the state court having jurisdiction of the liquidators had signified that he would permit their books and records to be examined at the request of the federal court. The liquidators met the bill with a motion to dismiss for want of jurisdiction over them, since the state court had exclusive control of the liquidation; and Realty Operators, Inc., and its president, moved to dismiss as to themselves for want of equity. These motions the court sustained and dismissed the bill."

The case was affirmed as to Realty Operators, Inc., and remanded as to the liquidators to the United States District Court for the Eastern District of Louisiana.

After this decision was handed down, the liquidators, having been asked for permission to examine certain books, records,

files, etc., of the Canal Bank & Trust Company, before trial in the federal court, and having refused, were ruled by interveners into the Civil district court for the parish of Orleans to show cause why the examination should not be allowed, and this proceeding was dismissed by the trial judge on exception of no cause or right of action tendered by J. S. Brock, State Bank Commissioner, the liquidator and the special agent.

From this judgment, interveners have appealed to this court.

As the United States District Court for the Eastern District of Louisiana has jurisdiction over the State Bank Commissioner, and as a discovery in equity, before trial, may be compelled from him by the federal court in the chancellor's discretion, complainants have adequate remedy and relief in that court.

The rule, as laid down by the United States Supreme Court, is that:

"Courts of equity will not entertain a bill for discovery to assist a suit in another court, if the latter is, of itself, competent to grant the same relief; for in such a case the proper exercise of the jurisdiction should be left to the functionaries of the court where the suit is depending." Cyc. U. S. Supreme Court Reports, Vol. 5, page 352, citing Ex parte Boyd, 105 U.S. 647, 657, 26 L.Ed. 1200.

Judgment affirmed.