Plaintiffs, alleging themselves to be owners of corporate stock in J. S. Williams Son, Inc., in excess of 2% of said stock, and alleging that they had been refused the right to examine and inspect the books and records of the corporation, prayed for writs of mandamus in aid of their right to make such inspection and examination. The defendant corporation answered, setting up as a defense to the application for writs of mandamus lack of good faith on the part of plaintiffs, alleging that the request for examination and inspection of the books of the corporation was made for the purpose of embarrassing certain officers *Page 772 
and stockholders, who, by the way, were closely related to the plaintiffs, and that the said request was not made for any proper or reasonable purpose. Other matters of defense not pertinent to this opinion and not necessary to a determination of this cause were also alleged.
The matter was duly fixed for trial and plaintiffs produced witnesses in support of their allegations. The transcript of evidence does not show that plaintiffs closed their case, but, after excusing a witness called on cross-examination, the following proceeding took place:
"The Court: What is the contention of the defendant?
"Mr. Morgan: May it please the Court — (Off the record)
"The Court: Let this mandamus be made peremptory effective March 18; the place to be the corporation's office; 1104 Pierre. The examination will be by the plaintiff or any of their authorized representatives.
"Mr. Morgan: I would like for the record to show that this proceeding is not by agreement."
From the judgment making the writs peremptory defendants prosecute this appeal.
[1] The extent of the rights of stockholders in demanding and enforcing demands to examine and inspect books of a corporation is clearly set forth in Finance Co. of America at Baltimore et al. v. Brock et al., 80 F.2d 713, 714, decided by the United States Circuit Court of Appeal of the Fifth Circuit, in which Judge Sibley stated the principle as follows: "It is well settled in Louisiana that stockholders have the right at reasonable times and places and for proper purposes to examine the books and papers of the corporation and to have the assistance of accountants in doing so. Legendre v. New Orleans Brewing Association, 45 La. Ann. 669, 12 So. 837, 40 Am.St.Rep. 243; Orlando v. Reliance Homestead Association, 171 La. 1027,132 So. 777, 778. This is the law generally. Guthrie v. Harkness, 199 U.S. 148, 26 S.Ct. 4, 50 L.Ed. 130, 4 Ann.Cas. 433, 7 R.C.L., Corporations, § 298, 14 C.J., Corporations, §§ 1300, 1311."
The provision of the Business Corporation Act, No. 250 of 1928, Section 38, No. 34, 4th Ex.Sess., 1935, Section 1, relating to this right, reads as follows: "Every shareholder, except in case of a business competitor, who shall have been the holder of record of at least two per cent of all outstanding shares of the corporation for at least six months, shall have the right to examine, in person or by agent or attorney, at any reasonable time or times, for any proper and reasonable purpose, any and all of the books and records of the corporation, and to make extracts therefrom. * * *" Dart's Statutes, Section 1118.
It is to be observed that the provision set forth in the Act simply carried into the statutory declaration the requirement that the shareholders' right of examination should be dependent upon "proper and reasonable [purposes]", which principle had already been established by the jurisprudence of the State.
We do not have the benefit of the reasons which influenced the learned Judge of the district Court in his action, but there can be no question, as far as this Court is concerned, that the record as made up is insufficient to support the finding and the judgment of the lower Court.
[2] The defendants were entitled to present their case since particular allegations of their answer, to which attention has been called above, clearly set forth matters which, if substantiated by proper proof, would have constituted an adequate defense.
For the reasons assigned, the judgment appealed from is reversed and set aside, the writs of mandamus are recalled, and this case is remanded for further proceedings in conformity with the views expressed in this opinion. Costs of this appeal are to be borne by plaintiffs, and assessment of all other costs shall await final determination hereof. *Page 776