496 So.2d 446 (1986)
J. Marion MATHERNE
v.
Norman C. HEFFRON.
No. CA 85 0677.
Court of Appeal of Louisiana, First Circuit.
October 15, 1986.
*447 Kevin P. Manahan, Baton Rouge, for plaintiff-appellee J. Marion Matherne.
James P. Dore, Plaquemine, for defendant-appellant Norman C. Heffron.
Before GROVER L. COVINGTON, C.J., and LANIER and ALFORD, JJ.
GROVER L. COVINGTON, Chief Judge.
Defendant suspensively appeals a judgment by the trial court ordering that plaintiff be allowed access to records of the corporation of which defendant is president. Plaintiff, apparently a former officer of Response Instrument Service & Engineering Corporation (also known as RISE, Inc.), filed a petition for mandamus under La.R.S. 12:103, to compel defendant to allow him to examine certain original records of the corporation. The trial judge, without hearing any testimony, rendered judgment based upon the record and arguments and memoranda of counsel. Because the judgment, though correct, is sufficiently ambiguous to allow for disagreement on its meaning, we amend and affirm.
Plaintiff is the undisputed owner of record of more than 25 percent of the corporate shares issued by RISE, Inc. Whether he is also a business competitor of the corporation is not established, although defendant makes this claim in brief, stating that plaintiff owns two competing companies. Plaintiff claims that he has been denied access to the corporation records, while defendant contends that the information and documents required by La.R.S. 12:103 have more than once been made available to plaintiff, who refused or failed to appear as scheduled. Each party in the proceedings below had compiled a list of documents he considered appropriate for examination by the plaintiff; from the wording of the judgment, it is apparent that the trial judge found plaintiff's list more persuasive. The judgment makes available to plaintiff "any and all records and accounts of RISE, Inc. including but not limited to the records as described in R.S. 12:103(A)(1) and [2] and R.S. 12:103(B)" with the following subjective limitation: "Plaintiff shall not be given access to any records of a confidential nature including personnel records." Because this limitation still allows scope for disagreement between the parties as to what constitutes a confidential nature, it is necessary for us to consider the scope of the statute within the context of this case.
La.R.S. 12:103, at the time this case arose,[1] provided in pertinent part:
A. Every corporation shall keep at its registered office, or at its principal place of business in or outside of this state:
(1) Books and accounts showing the amounts of its assets and liabilities, receipts and disbursements, and gains and losses; and
(2) Records of the proceedings of the shareholders, of the directors, and of committees of the board.
B. Every corporation shall keep at its registered office, or at its principal place of business or at the office of a transfer agent in or outside of this state, a share register, or a stock certificate record, giving the names of the shareholders, and showing their respective addresses, as and if furnished by each shareholder, the number and classes of shares held by each, and the dates on which the certificates were issued.
C. If the records required by subsections A and B of this section are not kept at the registered office, information as to their location shall be made available at the registered office. Such records may be in written form or in any other form capable of being converted into written form within a reasonable time.
D. Upon at least five days' written demand, any shareholder, except a business competitor, who has been the holder *448 of record of at least two per cent of all outstanding shares of the corporation for at least six months, shall have the right to examine, in person or by agent or attorney, at any reasonable time, for any proper and reasonable purpose, any and all of the records and accounts of the corporation, and to make extracts therefrom. Two or more shareholders, each of whom has been a holder of record of shares for the period aforesaid, and whose aggregate holdings equal the percentage aforesaid, may join in such request and jointly exercise these rights. Holders of voting trust certificates representing shares of the corporation shall be regarded as shareholders for the purposes of this section. In case of stock held or acquired by, or held by or through an interposed person for, a business competitor, or a person who owns stock or is otherwise interested in a corporation which is a business competitor, he or it must own not less than twenty five per cent of all outstanding shares of the corporation for a period of six months before he or it may demand the rights and privileges as set forth in this subsection. Nothing contained in this subsection shall impair the power of the court (1) to deny the right of inspection as to confidential matters, or (2) to order the production of documents pursuant to, and subject to the limitations of, applicable provisions of the Code of Civil Procedure. [Emphasis added.]
It has long been established in Louisiana that shareholders are entitled to examine corporate records in order to apprise themselves of the affairs of the corporation and in order to be able to meaningfully exercise their right to vote. See State v. Bienville Oil Works Co., 28 La.Ann. 204 (1876); La.Const. of 1913, art. 273. However, precisely what should comprise those records has never been clearly delineated, outside the wording of the statute itself.
In paragraph (A) of La.R.S. 12:103, sub part (1) uses "books and accounts" while sub-part (2) uses "records." Paragraph (B) requires a "register" or "record," while paragraph (C) also refers to "records." Paragraph (D), which gives rise to the shareholder's right to review same, specifies "records and accounts." To some extent, these terms appear to be interchangeable under the statute, and to denote a form of ledger or a concise, condensed source of information. We do not accept plaintiff's contention that included within these records which shareholders are entitled to examine are the originals of every cancelled check, or deposit slip, or invoice of the corporation.
It is not the intent of this statute, as we construe it, to impose such a burden upon a corporation, or to require a corporation to make such items available to its shareholders in the normal course of events. Thus, several of plaintiff's requests, such as the one for "[e]very invoice, including credits, issued by or on behalf of the company suppliers, including goods and services, for in-house use, as well as for resale, since and including the date on which [plaintiff] was last actively engaged in the corporation," are unreasonable and wholly unjustified by the record.
We hold that the following records, as suggested by defendant, are those which the plaintiff is entitled to examine, as satisfying the requirements of La.R.S. 12:103:
1. The general ledger of the corporation which shows the cumulative total of all its charts of accounts including its assets and liabilities, gains and losses. This book of account will show the financial position of the corporation at any given time based upon all of its resources.
2. Cash journal of all receipts. This book of account reflects every penny received by the corporation, item by item, listing from whom it was received and the amount received. In addition it list [sic] deposits made by the corporation.
3. Cash journal of all disbursements made by the corporation. This book of account reflects every disbursement made by Rise, Inc. showing the individual or corporation to whom it *449 was disbursed and the amount of the disbursement.
4. Each unaudited quarterly financial statement of the corporation reflecting the revenues its sources and the expenses of operation of Rise, Inc.
5. The audited financial statements of Rise, Inc. reflecting its overall standing on a semi-annual and annual basis.
6. The record books of all the proceedings of the shareholders and directors and any committees or boards of the corporation, including minutes of shareholders and board of directors meetings, share register book, and all corporate records of Rise, Inc.
7. Any and all State and Federal tax returns filed by Rise, Inc.
We do not find the cases of Naquin v. Air Engineered Systems & Services, Inc., 423 So.2d 713 (La.App. 3rd Cir.1982), writs denied, 429 So.2d 156 (La.1983) and 463 So.2d 992 (La.App. 3rd Cir.1985), to be dispositive of this case. In that instance, plaintiff was able to establish a deliberate intent to withhold all corporate records from him on the part of the remaining shareholders of the corporation. Nothing of that nature was established in the instant case; the only evidence the record contains regarding defendant's attitude towards an examination is a letter from the defendant proposing that plaintiff select one of two pre-chosen dates, or advise of a more convenient date, in order to examine the books. There is no response of record, and defendant's answer to the petition stated that plaintiff "refused and/or failed to appear for such examination."
While it would be within this court's discretion to remand this matter for an evidentiary hearing, in which plaintiff could attempt to prove defendant's lack of cooperation, and defendant could attempt to prove the same of plaintiff and also his status as a competitor, we find that fairness under the statute and judicial economy would be better served by amending the judgment of the trial court. Therefore, we hereby amend the judgment of the trial court to read:
IT IS ORDERED, ADJUDGED AND DECREED THAT: J. Marion Matherne be and he is hereby allowed access to the following accounts and records of RISE, Inc., pursuant to La.R.S. 12:103:
1. The general ledger of the corporation which shows the cumulative total of all its charts of accounts including its assets and liabilities, gains and losses.
2. Cash journal of all receipts.
3. Cash journal of all disbursements made by the corporation.
4. Each unaudited quarterly financial statement of the corporation reflecting the revenues, its sources, and the expenses of operation of Rise, Inc.
5. The audited financial statements of Rise, Inc. reflecting its overall standing on a semi-annual and annual basis.
6. The record books of all the proceedings of the shareholders and directors and any committees or boards of the corporation, including minutes of shareholders and board of directors meetings, share register book, and all corporate records of Rise, Inc.
7. Any and all State and Federal tax returns filed by Rise, Inc.
The right of access shall be subject to the following limitations:
1. Matherne may or may not, at his option, bring his attorney.
2. Inspections are limited to one per month, with Matherne providing a five day advance written notice to the corporation.
AMENDED, and as amended, AFFIRMED.
The costs of this appeal are assessed equally between the parties.
NOTES
[1] This statute was subsequently amended by Acts 1984, No. 841, § 1, to its present form.