542 So.2d 810 (1989)
Catherine SPIESS, Plaintiff-Appellant,
v.
GREENWOOD DEVELOPMENT COMPANY, INC. Defendant-Appellee.
No. 88-121.
Court of Appeal of Louisiana, Third Circuit.
April 19, 1989.
*811 Walter L. Comeaux, Baton Rouge, for plaintiff-appellant.
Gary Nunn, Alexandria, for defendant-appellee.
A.J. Gregory, Jr., Natchitoches, for defendant-intervenor.
Before GUIDRY, STOKER and KING, JJ.
KING, Judge.
This appeal presents for our consideration the issues of whether or not the intervenors in this suit have a right of action under LSA-R.S. 8:659 to oppose plaintiff's request to have her deceased son's remains exhumed and removed to another city and whether or not the trial court abused its discretion in finding there was no reason to disturb the deceased son's final resting place and in dismissing plaintiff's suit.
Catherine Speiss (hereinafter sometimes referred to as plaintiff), the sole surviving parent of the decedent, Edwin Speiss (hereinafter sometimes referred to as the decedent), filed suit against Greenwood Development Company, Inc. to have the remains of the decedent disinterred and removed from Rapides Parish, Louisiana to Orleans Parish, Louisiana where she resides and where the decedent's father is buried. Plaintiff alleged in her petition that the burial of the decedent in Rapides Parish, Louisiana was contrary to her wishes and has worked a substantial hardship on her. Plaintiff subsequently filed an amended petition to substitute Kramer Development Company (hereinafter sometimes referred to as the defendant) as the proper party defendant. Plaintiff alleges that defendant opposed her request to disinter and remove the remains of the decedent. Defendant answered and admitted it opposed plaintiff's request to exhume and remove the decedent's remains.
The executor and executrix of decedent's succession, Reverend James W. Dollar and his wife, Judy Everett Dollar, filed a Petition of Intervention seeking to prevent the transfer of the decedent's remains. Thereafter, plaintiff filed an exception of no right of action, challenging their standing to intervene in this matter. After trial on the merits, the trial court dismissed plaintiff's suit at her cost. From this judgment, plaintiff perfected a timely devolutive appeal. We affirm.

FACTS
Edwin Speiss, the decedent, was born and raised in Alexandria, Louisiana. He was the only child of Edwin Spiess, Sr., and the plaintiff, Catherine Spiess. The decedent was married in the City of Alexandria, Louisiana to Carolyn Everett, also a resident of Alexandria, Louisiana, and they had one child, Kristen Marie. The elder Mr. Spiess passed away in 1963 and was buried in New Orleans, Louisiana. Plaintiff moved to New Orleans in 1965. The decedent graduated from L.S.U., spent time in the Army, and he and his wife, Carolyn, then settled in Atlanta, Georgia, where he became a successful architect. On December 27, 1983, the decedent, his wife, and child were killed in a tragic automobile accident in Alabama.
The decedent and his wife, Carolyn, executed wills appointing Carolyn's sister, Judy Everett Dollar, and her husband, Reverend James W. Dollar, both of whom are residents of Mississippi, as executor and executrix of both of their estates. Their wills apparently directed that they wanted a funeral service and a monument on their graves, but did not specify where they should be buried. Consequently, when Carolyn's family in Alexandria, Louisiana received notification of the deaths of the decedent, Carolyn, and Kristen, they attempted to contact plaintiff by telephone in New Orleans, Louisiana to inform her of the deaths and to discuss possible burial sites. After several unsuccessful calls *812 were made, Carolyn's family had the bodies transported to Alexandria, Louisiana.
Approximately two days after the accident, Carolyn's family contacted the Catholic Church the plaintiff attended in New Orleans. They requested that a priest inform her of the accident and of their attempts to reach her. After she received notification, plaintiff called Alexandria and spoke with Reverend Dollar and Nancy Jordan, another of Carolyn's sisters, about the funeral arrangements. Plaintiff did not object at that time to the burial of her son and his family in Alexandria. However, she did request that they be buried in a mausoleum rather than under the ground. Pursuant to plaintiff's request, a mausoleum was chosen in Greenwood Memorial Gardens in Alexandria and there the decedent, his wife, and daughter were laid to rest.
Plaintiff has been unable to visit the gravesites in Alexandria because of advanced age and ill health. For this reason she contacted the defendant, Kramer Development Company, Inc., the cemetery authority that manages Greenwood Memorial Gardens, to obtain their voluntary consent to have the decedent's remains disinterred and transferred to Lake Lawn Mausoleum in New Orleans, where the decedent's father is buried. The defendant cemetery authority refused to give their voluntary consent, and plaintiff filed suit on January 28, 1987 to obtain a judgment of court to permit the exhumation and removal of the decedent's remains from the defendant's cemetery. This suit was filed over three years after the decedent was buried. The defendant answered the suit and admitted it had not given its consent to plaintiff's request to remove the decedent's remains.
On May 26, 1987, Reverend Dollar and Judy Dollar filed a petition of intervention in opposition to plaintiff's request, alleging that it would not be in the best interest of the decedent's family unit to have the decedent's remains located in a different cemetery than that of his wife and child.
A trial on the merits was held on September 29, 1987. Plaintiff filed an exception of no right of action, prior to the beginning of the trial, to the intervention, claiming that she alone possessed legal capacity under LSA-R.S. 8:659 to assert any interest in the final resting place of her son's remains. The trial court allowed the filing of the exception and took the exception under advisement. After hearing testimony on the issue of whether the decedent's remains should be disinterred and removed, the trial court then took the matter under advisement.
On November 8, 1987, the trial judge rendered written reasons for judgment and found that Alexandria, Louisiana was the most appropriate burial site for the decedent and that he could see no reason for disturbing his final resting place. The trial judge did not rule on plaintiff's exception of no right of action to the intervention. On November 19, 1987, a written judgment was signed in favor of Kramer Development Company, Inc., Reverend James W. Dollar and Judy Everett Dollar, and against Catherine Spiess dismissing her suit. It is from this judgment that plaintiff devolutively appeals.
While the record does not reflect that judgment was ever rendered disposing of the exception of no right of action it is apparent, from the trial court's judgment, that the court determined Reverend and Mrs. Dollar did in fact have an interest in the litigation and were entitled to intervene in order to act in the best interest of the decedent. The jurisprudence is settled that all of the issues presented by the pleadings and on which evidence has been offered will be considered as having been disposed of by final judgment in the cause, and any demand passed over in silence will be considered rejected by implication. Webster v. Terrebonne Parish Council, 515 So.2d 461 (La.App. 1 Cir.1987), writ den., 516 So.2d 368 (La.1988); Miller v. Miller, 480 So.2d 789 (La.App. 3 Cir.1985), writ den., 481 So.2d 1337 (La.1986); Gremillion v. Rapides Parish Police Jury, 430 So.2d 1362 (La.App. 3 Cir.1983), writ den., 435 So.2d 426, 440 (La.1983).
Plaintiff alleges two assignments of error on appeal:

*813 (1) The trial court erred in finding that the intervenors had a right of action to oppose her suit, since they are not among the family members set forth in LSA-R.S. 8:659 to whom the statute affords relief; and
(2) The trial court erred in finding plaintiff did not have the right to disinter and transfer the remains of the decedent to New Orleans, Louisiana.
As we have determined that the issue presented by plaintiff's second assignment of error is dispositive of the matter, we will only address that issue.

LAW
The parties who have been given legal authority to control the disposition of the remains of a deceased person are set forth in LSA-R.S. 8:655, which provides:
"The right to control the disposition of the remains of a deceased person, unless other directions have been given by the decedent, vests in and devolves upon the following in the order named:
(1) The surviving spouse, if not judicially separated from the decedent;
(2) The surviving children of the decedent;
(3) The surviving parents of the decedent;
(4) The surviving brothers and sisters of the decedent."
Once a deceased person has been buried in a cemetery, his remains may not be removed unless the consent requirements in LSA-8:659 have been met. LSA-R.S. 8:659 states:
"The remains of a deceased person may be removed from a cemetery space with the consent of the cemetery authority and the written consent of one of the following, in the order named, unless other directions have been given by the decedent:
(1) The surviving spouse, if not judicially separated from the decedent;
(2) The surviving children of the decedent;
(3) The surviving parents of the decedent;
(4) The surviving brothers and sisters of the decedent.

If the required consent cannot be obtained, a final judgment of the district court of the parish where the cemetery is situated shall be required." (Emphasis supplied.)
Plaintiff clearly had the sole statutory authority to initially determine the decedent's final resting place. However, after the decedent's initial burial, the voluntary consent of the defendant cemetery authority was also statutorily required before the decedent's remains could be disinterred and transferred. When the defendant refused to voluntarily give its consent to exhumation and removal of the decedent's remains, the sole authority to order the disinternment and transfer of the decedent's remains became vested by law in the trial court.
A trial court's decision regarding the disinterment of a deceased person requires the exercise of discretion and will not be reversed on appeal in the absence of a showing that this discretion was abused. In determining whether an abuse of discretion has occurred, we must recognize that exhumation of a body is not favored in the law and is against public policy, except in cases of necessity or for laudable purposes. 25 CJS Dead Bodies § 4(1) (1966); Travelers Ins. Co. v. Welch, 82 F.2d 799 (5th Cir.1936); Choppin v. LaBranche, 48 La. Ann. 1217, 20 So. 681 (1896); Nolan v. Nolan, 125 So.2d 792 (La.App. 4 Cir.1961).
Another factor that must be considered is whether the party asserting the right to disinterment freely consented to the initial interment and with the understanding that the interment place selected was to be permanent. Bunol v. Bunol, 12 La.App. 675, 127 So. 70 (La.App.Orl.Cir.1930); Bradley v. Burgis, 25 So.2d 753 (La.App.Orl.Cir. 1946); Nolan v. Nolan, supra.
A review of the evidence introduced at the trial of this matter shows that plaintiff failed to establish any compelling reason for the removal of the decedent's remains. Plaintiff testified that she has been unable to visit the decedent's gravesite in Alexandria, Louisiana but stated she would be *814 able to do so if her son's body was moved to New Orleans. But plaintiff admitted that she is 72 years old, has never driven a car, and is in extremely poor health. She also admitted that she does not leave her home except when she can arrange for someone to take her to the doctor, and although she had only visited her husband's grave in New Orleans twice in one year, she had trouble even accomplishing this.
With regard to the issue of her initial consent for the burial of the decedent, plaintiff stated that she was never consulted about where she would like her son to be buried and denied giving her approval to bury him in Alexandria, Louisiana. This testimony was contradicted by Reverend Dollar and Jeanie Jordan.
Reverend Dollar and Jeanie Jordan both testified that plaintiff's consent was sought and obtained before the decision was made to bury the decedent and his entire family in Alexandria, Louisiana. They also testified that plaintiff expressed no reservations during their initial telephone conversation with her, or even later at the funeral service, to the burial of the decedent and his entire family in Alexandria, Louisiana. They further testified that the decedent and his wife, Carolyn, prior to their deaths, had numerous friends in Alexandria and that Carolyn was survived by a family who lives in Alexandria.
Reverend Dollar stated that the decedent and Carolyn had visited Alexandria very frequently and maintained close ties with their friends and to the area. He further testified that the decedent, Carolyn, and Kristen were very close and urged that the integrity of this family unit be respected, even in death.
After reviewing the evidence, the trial judge made the following finding of fact:
"The younger Ed Spiess and his family were very close and have numerous friends and relatives living here in the Alexandria-Pineville area. After reviewing the trial deposition of Catherine Spiess and the trial testimony of Reverend Dollar and Mrs. Jordan, I am firmly convinced that discussions were had with Mrs. Spiess as to the burial site of Ed Spiess and his family. All agreed that Alexandria would be the most appropriate site. I was most impressed by the testimony of Reverend Dollar and Mrs. Jordan as to the love and adoration that existed in the family of the younger Ed Spiess. They were a close knit family and would not want to be apart. I see no reason for disturbing his final resting place and separating him from his deceased wife and child."
Based upon our review of the record, we cannot say that the trial court's finding of fact was manifestly erroneous or that the trial court abused its discretion in refusing plaintiff permission to disinter and transfer her son's remains and in dismissing her suit.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are taxed to plaintiff-appellant.
AFFIRMED.