KING, Judge.
This appeal presents the issue of whether a minority shareholder has the right to demand by a summary proceeding an audit of a corporation’s records and accounts by an independent certified public accountant selected by the shareholder.
Yvonne Ashworth Maride (hereinafter plaintiff) alleging that she was a minority shareholder of the corporation, Casablanca Convertors, Inc. (hereinafter defendant), filed a petition seeking a rule to show cause why defendant should not submit to an extensive audit of all of defendant's corporate records and accounts by an independent certified public accountant of her choice. Defendant filed dilatory exceptions of unauthorized use of summary procedure, prematurity and want of amicable demand. The trial court held a hearing and, without ruling on the exceptions, made the rule absolute. A formal written judgment was signed. Defendant timely appeals the judgment granting a minority shareholder the right to have a complete audit of the corporation records and accounts and ordering the corporation officers and employees to make the necessary records and accounts available for the audit. Because we conclude that the procedure used to bring the matter before the trial court was not authorized by law, we reverse the judgment of the trial court.
PACTS
Defendant is a corporation organized under the laws of Louisiana on May 1, 1983, and has its principal place of business in *277 Oakdale, Allen Parish, Louisiana. Plaintiff is a minority shareholder who owns 30 shares of Casablanca common stock. The record does not reflect how many total shares of common stock have been issued and are outstanding nor what percentage of the outstanding shares plaintiff holds of record.
On January 26, 1988, plaintiff filed a petition to obtain a rule ordering defendant to show cause why plaintiff should not be permitted to make a complete audit of defendant’s corporate records and accounts, from the date of its incorporation, by a certified public accountant of her choice. Plaintiff also sought copies of all corporate by-laws and minutes of all meetings and a list of all officers and directors who had been elected since the incorporation.
Plaintiff alleged in her motion that she was entitled to the relief sought as she has been “unable to inspect the stock book, get accurate information on earnings, payrolls and general financial information about the corporation to which she is entitled as a minority stockholder.” She further alleged that there had only been one meeting of the shareholders since May 1, 1983, and there has been no annual meeting of the shareholders to elect officers and directors as provided for in the By-Laws and Articles of Incorporation. The rule issued on plaintiffs petition was made returnable on February 19, 1989.
On February 10, 1988, defendant filed dilatory exceptions of prematurity and want of amicable demand in opposition to plaintiffs rule. The exceptions alleged that plaintiff has made no written demand to inspect the records and accounts of the corporation, as required by LSA-R.S. 12:103, and, had such a demand been made, access to the corporate records and accounts would have been allowed. Additionally, defendant urged by dilatory exception that plaintiffs use of summary procedure was not authorized by law and that her action had to be brought by an ordinary proceeding.
A hearing on the rule and exceptions was held on February 19, 1988. After hearing only the arguments of counsel, the trial court ruled plaintiff was entitled at her expense to a complete audit of defendant’s corporate records and accounts, from the date of its incorporation to the present. The court further ordered defendant’s officers and employees to make the necessary records and accounts available to plaintiff’s certified public accountant. The court rendered no written or oral reasons for judgment. A formal judgment to this effect was signed on March 1, 1988. Defendant timely perfected a suspensive appeal from this decision. Plaintiff did not answer the appeal nor file a brief and for this reason could not appear to orally argue the appeal.
The trial court record does not reflect that judgment was ever rendered disposing of the dilatory exceptions. We must therefore conclude that the exceptions were rejected by the trial court. The jurisprudence is settled that all of the issues presented by the pleadings upon which evidence has been offered will be considered as having been disposed of by final judgment in the cause, and any demand passed over in silence will be considered as having been rejected by the trial court. Delcambre Seafood Market, Inc. v. Richard, 540 So.2d 541 (La.App. 3 Cir. 1989); Speiss v. Greenwood Development Company, Inc., 542 So.2d 810 (La.App. 3 Cir.1989).
On appeal, defendant contends that the trial judge erred in failing to maintain its dilatory exceptions and in finding plaintiff was entitled to an audit of defendant’s records and accounts under Louisiana law.
We pretermit consideration of the second specification of error because we find the trial court erred in failing to sustain defendant’s dilatory exception of unauthorized use of summary proceedings, LSA-C.C.P. Art. 926(3), and reverse on that ground.
LAW
The use of summary process cannot be extended beyond the matters expressly set forth in LSA-C.C.P. Art. 2592 which provides that:
*278 “Summary proceedings may be used for trial or disposition of the following matters only:
(1) An incidental question arising in the course of litigation.
(2) An application for a new trial.
(3) An issue which may be raised properly by an exception, contradictory motion, or rule to show cause.
(4) An action against the surety on a judicial bond after judgment has been obtained against the principal, or against both principal and surety when a summary proceeding against the principal is permitted.
(5) The homologation of a judicial partition, of a tableau of distribution or account filed by a legal representative, or of a report submitted by an auditor, accountant, or other expert appointed by the court; and an opposition to any of the foregoing, to the appointment of a legal representative, or to a petition for authority filed by a legal representative.
(6) A habeas corpus, mandamus, or quo warranto proceeding.
(7) The determination of the rank of mortgages, liens and privileges on property sold judicially, and of the order of distribution of the proceeds thereof.
(8) The original granting of, subsequent change in, or termination of child custody, alimony, child support in behalf of minor children, support between ascendants and descendants, and visitation rights.
(9) An action to annul a probated testament under Article 2931.
(10) An action to enforce the right to a written accounting provided for in R.S. 9:2776.
(11) All other matters in which the law permits summary proceedings to be used.”
A rule to show cause is a summary procedure. LSA-C.C.P. Art. 2592(3); Devillier v. Devillier, 439 So.2d 667 (La.App. 3 Cir.1983). However, the right to initiate an original proceeding by a rule to show cause must be derived from express statutory authority. Foret v. Stark, 16 So.2d 79 (La.App. 1 Cir.1943).
There is no statutory authority which grants a minority shareholder the right to seek an examination or audit of a corporation’s records and accounts by a rule to show cause. The proper legal remedy to enforce a shareholder’s right to inspect corporate records is to compel the granting of the right by a petition for mandamus, which can be properly brought by either ordinary or summary proceedings, if the requisites of LSA-R.S. 12:103 are properly pled and proven. LSA-C.C.P. Arts. 2592(6) and 3864; Finance Co. of America at Baltimore v. Brock, 80 F.2d 713, 714 (5th Cir.1936); Orlando v. Reliance Homestead Ass’n, 171 La. 1027, 132 So. 777 (1930); Sumner v. J.S. Williams & Son, 26 So.2d 771 (La.App. 2 Cir.1946).
LSA-R.S. 12:103 provides in pertinent part:
“D. (l)(a) Upon at least five days’ written notice any shareholder, except a business competitor, who is and has been the holder of record of at least five percent of the outstanding shares of any class of a corporation for at least six months shall have the right to examine, in person or by agent or attorney, at any reasonable time, for any proper and reasonable purpose, any and all of the records and accounts of the corporation and to make extracts therefrom.”
However, an audit cannot be so burdensome as to require a corporation to produce the original of every cancelled check, or deposit slip, or invoice of the corporation. Matherne v. Heffron, 496 So.2d 446 (La.App. 1 Cir.1986). The jurisprudence recognizes that procurement of an audit at the company’s expense is not a ministerial duty that can be compelled by mandamus. Craig v. International Tri-D Corp., 338 So.2d 952 (La.App. 4 Cir.1976).
Plaintiff has no legal right, as a minority shareholder of the corporation, to require defendant, by use of a summary proceeding, to show cause why she should not be permitted to examine and audit the corporation’s records and accounts. For this reason the defendant’s dilatory exception of improper use of a summary proceeding *279 was well taken and should have been sustained.
For the foregoing reasons, we reverse the trial court’s judgment and vacate and set aside the judgment of the trial court. All costs of the trial court and of this appeal are taxed to plaintiff-appellee.
REVERSED.