985 So.2d 156 (2008)
Helen Dillon PITTMAN
v.
MAGIC CITY MEMORIAL COMPANY, INC.
No. 2007 CA 1567.
Court of Appeal of Louisiana, First Circuit.
March 26, 2008.
*157 Daniel L. Dysart, Chalmette, LA, for Plaintiff-Appellee, Helen Dillon Pittman.
Perry M. Nicosia, Chalmette, LA, for Intervenors-Appellants, Patricia Kenney, David L. Kenney, Jr., John A. Kenney, and Lisa Burkhardt Kenney.
Robert J. Black, Bogalusa, LA, for Defendant-Appellee, Magic City Memorial Company, Inc.
Before CARTER, C.J., PETTIGREW, and WELCH, JJ.
CARTER, C.J.
Intervenors, the adult children and surviving spouse of the decedent, appeal from a trial court judgment allowing plaintiff, the decedent's live-in girlfriend, to exhume and relocate the remains of the decedent, David L. Kenney, Sr. The trial court relied on language in the decedent's will that gave plaintiff "sole discretion" as to the place of burial at the Ponemah Cemetery in Bogalusa, Louisiana. For the following reasons, we affirm.

FACTS
David L. Kenney, Sr. died unexpectedly on November 3, 2002, approximately six months after he filed a petition for divorce from his wife, Patricia Kenney. Mr. Kenney and his wife had three adult children, David L. Kenney, Jr., John A. Kenney, and Lisa Burkhardt Kenney. At the time of his death, Mr. Kenney had been living for several years with plaintiff, Helen Dillon Pittman.
Mr. Kenney left a last will and testament dated November 20, 2001, in which he provided several bequests to each of his children and to plaintiff. None of those bequests are at issue in this appeal. At the center of the controversy before us is a paragraph in the will that provides for Mr. Kenney's burial as follows:
8. I name and appoint Helen Dillon Pittman to serve as the executrix of this my last will and testament with full seizin and without any requirement of bond or security. I instruct my executrix, Helen Dillon Pittman, to take charge of and make all of my funeral and burial arrangements which are to be carried out under her sole direction and in her sole discretion. She is to be in charge of funeral arrangements, type service, and the type burial equipment She should also have the sole discretion as to the place of my burial which I intend to be Ponemah Cemetery in Bogalusa, Louisiana.
(Emphasis added.)
After Mr. Kenney died, plaintiff attempted to purchase a crypt at the Sanctuary of Peace Mausoleum in Ponemah Cemetery, which is owned and operated by defendant, Magic City Memorial Company, Inc. However, before plaintiff's attempted purchase, and without knowledge of the pertinent provision in the will, some of Mr. Kenney's surviving family members purchased a crypt at the same mausoleum. When the competing interests arose, defendant learned that plaintiff was not legally married to Mr. Kenney, Because of *158 this, defendant decided to not allow plaintiff to purchase a crypt for Mr. Kenney's remains. Mr. Kenney was ultimately entombed, over plaintiff's objection, in the crypt purchased by his family. Subsequently, relying on the exclusive authority she was granted in the will, plaintiff repeatedly requested that defendant exhume and relocate Mr. Kenney's remains to a nearby crypt she had purchased for herself at the same mausoleum after Mr. Kenney's burial.
For a year-and-a-half, defendant denied consent to exhume and relocate Mr. Kenney's remains. Consequently, plaintiff filed this lawsuit. Mr. Kenney's children and their mother intervened, arguing that they had exclusive statutory control over the location of Mr. Kenney's remains and they did not consent to the relocation. Further, the intervenors maintained that plaintiff waived her right to direct where Mr. Kenney's remains were to be buried when she waived her right to qualify as executrix of his estate.
A trial was held on January 31, 2007. After hearing testimony from all of the parties and reviewing Mr. Kenney's will, the trial court ruled that Mr. Kenney left explicit written instructions in his will giving plaintiff sole discretion regarding his burial directions, and that the burial instructions were separate and distinct from plaintiff's appointment as executrix. The trial court relied on LSA-R.S. 8:659 to rule that plaintiff had the authority to exhume and relocate Mr. Kenney's remains. Judgment was signed accordingly. Intervenors appeal, contending that the trial court misinterpreted the law and abused its discretion in ruling that plaintiff could exhume and relocate Mr. Kenney's remains without his family's written consent.

STANDARD OF REVIEW
A court of appeal may not overturn a judgment of a trial court absent an error of law or a factual finding which is manifestly erroneous or clearly wrong. Stobart v. State, through Dept. of Transp. and Development, 617 So.2d 880, 882, n. 2 (La.1993). Before an appellate court may reverse a factfinder's determinations, it must find from the record that a reasonable factual basis does not exist for the findings and that the record establishes that the findings are clearly wrong (manifestly erroneous). Id., 617 at 882; Mart v. Hill, 505 So.2d 1120, 1127 (La.1987).
A trial court's decision regarding the disinterment of a deceased person requires the exercise of discretion and will not be reversed on appeal in the absence of a showing that this discretion was abused. Spiess v. Greenwood Development Co., Inc., 542 So.2d 810, 813 (La.App. 3 Cir.1989). Further, the proper application of a statute and the determination of whether a will is ambiguous are questions of law. Appellate review of questions of law is simply review of whether the trial court was legally correct or legally incorrect. See Succession of Mydland, 94-0501 (La.App. 1 Cir. 3/3/95), 653 So.2d 8, 11; O'Niell v. Louisiana Power & Light Co., 558 So.2d 1235, 1238 (La.App. 1 Cir.1990).

DISCUSSION
The primary issue in this case involves the application of Louisiana Revised Statute 8:659, which addresses the necessary consent for moving a deceased person's remains that have already been buried or entombed. That statute provides as follows:
A. The remains of a deceased person may be moved from a cemetery space to another cemetery space in the same cemetery or to another cemetery with the consent of the cemetery authority *159 and the written consent of one of the following, in the order named, unless other directions in writing have been given by the decedent:
(1)The surviving spouse, if no petition for divorce has been filed by either spouse prior to the death of the decedent spouse.
(2)The surviving adult children of the decedent, not including grandchildren or other more remote descendants.
(3)The surviving parents of the decedent.
(4)The surviving adult brothers and sisters of the decedent.
B. If the required consent cannot be obtained, a final judgment of the district court of the parish where the cemetery is situated shall be required.
(Emphasis added.)
The trial court determined that Mr. Kenney gave sole authority and discretion to plaintiff to direct the place of his burial when he wrote his last will and testament. We find no manifest error in this determination. Likewise, we find no error in the trial court's application of LSA-R.S. 8:659, because that statute clearly exempts the family's consent requirements when the decedent has made other written directions. The intervenors argue that plaintiff waived her right to direct Mr. Kenney's burial when she waived her right to serve as executrix of his will. We find no merit to this argument. One sentence in the will named and appointed plaintiff to serve as the executrix. In contrast, three sentences clearly instruct and direct plaintiff to take charge of and have sole discretion over Mr. Kenney's burial arrangements, including the place of burial. The trial court found nothing in the record to indicate that plaintiff had waived her right to solely direct the burial arrangements of Mr. Kenney. We find no manifest error in that determination.
The function and intent of the court in this situation is to determine and carry out the intention of the testator if it can be ascertained from the language of the will as it is written. Mydland, 653 So.2d at 11-12. When a will is free from ambiguity, the will must be carried out according to its written terms, without reference to information outside the will. Id., 653 So.2d at 12. In fact, the intent of the testator is the paramount consideration in interpreting the provisions of a will. See LSA-C.C. art. 1611 A; Succession of Williams, 608 So.2d 973, 975 (La.1992). A review of Mr. Kenney's will reveals no obvious ambiguity in the provision giving plaintiff sole discretion over the burial arrangements. The will does not require that plaintiff qualify as executrix in order to retain the discretion to direct Mr. Kenney's burial. Common sense dictates that the qualification of an executrix takes place after the burial of the decedent. Thus, we find no merit to interveners' argument that plaintiff waived her right to direct Mr. Kenney's burial arrangements because she waived her right to qualify as executrix.
We are mindful that exhumation of a body is not favored in the law and is against public policy, except in cases of necessity or for laudable purposes. Spiess, 542 So.2d at 813. We also consider whether plaintiff freely consented to the initial interment place. Id. The record reveals that plaintiff objected to the initial burial arrangements before Mr. Kenney was buried. Plaintiff continued to request that Mr. Kenney's remains be placed in a crypt where she could be entombed with him at her death. The record supports the trial court's factual findings regarding plaintiffs objection to the initial *160 burial arrangements. This fact, along with Mr. Kenney's explicit written desire in his will that plaintiff be in charge of his burial arrangements, supports the trial court's conclusions. Therefore, we find no abuse of discretion in the trial court's ruling.

CONCLUSION
Based upon our review of the record, we cannot say that the trial court's findings of fact were manifestly erroneous or that the trial court abused its discretion in authorizing and ordering defendant to exhume and relocate Mr. Kenney's remains to the crypt purchased by plaintiff. We also find no error in the trial court's interpretation and application of the statutory law. Therefore, the judgment of the trial court is affirmed at intervenors-appellants' costs.
AFFIRMED.