PER CURIAM
h Granted in part and denied in part. We find no error in the judgment of the court of appeal insofar as it affirmed the district court’s judgment holding relator failed to state a cause of action for recognition of ownership, injunctive relief or damages. However, it is unclear whether the district court made a determination of whether relator stated an alternative cause of action for re-interment pursuant to La. R.S. 8:65a[1]
Eugene Sonnier, III (“Trey”), the son of relator, Eugene J. Sonnier, II (“Mr. Sonnier”), and his ex-wife, Norlet Pierre, died in October 2013 while serving in the United States Air Force. Prior to his death, Trey executed Department of Defense Form 93 which, among other things, allows military members to designate the “person authorized to direct disposition” (“PADD”). Mr. Sonnier was listed as the PADD on Form 93, and thus was the person authorized to make all plans relative to Trey’s funeral and burial.
*993 Following Trey’s death, Mr. Sonnier met with the cemetery manager and purchased a plot as Trey’s burial place. Mr. Sonnier further advised the manager that his plan was to construct a double tomb so he could be buried next to his son, and ^indicated his intent to purchase the two adjacent plots that were necessary to construct the double tomb. However, when Mr. Sonnier contacted the ' manager the following month, he was advised that the adjacent plots had been purchased by Trey’s mother, Ms. Pierre, and her husband. In addition, although Mr. Sonnier was the sole purchaser of Trey’s plot, the title to the plot was re-issued jointly to Mr. Sonnier and Ms. Pierre.
Mr. Sonnier filed suit against several parties, essentially asserting sole ownership of the plots or, alternatively, seeking permission to move Trey’s remains since he had the exclusive right to control his son’s interment by virtue of his authority under Form 93. The defendants filed exceptions of no cause of action which were granted by the district court and Mr. Son-nier’s suit was thereafter dismissed. The court of appeal affirmed that judgment.
La. R.S. 8:659 provides:
A. The remains of a deceased person may be moved from a cemetery space to another cemetery space in the same cemetery or to another cemetery with the consent of the cemetery authority and the written consent -of one of the following, in the order named, unless other directions in writing have been given by the decedent:
(1) The surviving spouse, if no petition for divorce has been filed by either spouse prior to the death of the decedent spouse.
(2) The surviving adult children of the decedent, not including grandchildren or other more remote descendants.
(3) The surviving parents of the decedent.
(4)The surviving adult brothers and sisters of the decedent.
B. If the required consent cannot be obtained, a final judgment of the district court of the parish where the cemetery is situated shall be required.
Based on our review of the writ application, it appears Mr. Sonnier failed to allege he requested consent from the cemetery authority for the re-interment or that such consent was requested but wrongfully withheld by defendants, pursuant to La. R.S. |a8:659. However, because Mr. Sonnier could amend his petition to cure this defect, it is appropriate to remand the case to the district court to give relator an opportunity to do so pursuant to La; Code Civ. P. art. 934.
Trey honorably served this country as a member of the United States Air Force. Our service men and women work every day to protect and defend this nation, and put their lives at risk for the benefit of all of us. As such, these brave men and women necessarily rely on the validity of their formal designations, and should be able to trust that their wishes will be honored in the event their lives are lost in the line of duty. Here, it is undisputed that Trey specifically designated Mr. Sonnier as the sole PADD. Trey did not choose his mother as co-designee. Thus, Trey trusted Mr. Sonnier to independently make all decisions relative to his burial. Mr. Sonnier chose and purchased a burial plot for Trey and planned to be buried next to his son in a double tomb. Allowing Mr. Sonnier an opportunity to proceed with his action for re-interment gives Trey’s PADD directive the broad deference it deserves.
Accordingly, the writ is granted in part. The judgment of the court of appeal is amended for the sole purpose of providing that the case shall be remanded to the district court to give relator an opportunity to amend his petition to state a cause of *994 action for re-interment pursuant to La. R.S. 8:659. In all other respects, the writ is denied.
JOHNSON, C.J., additionally concurs and assigns reasons.
KNOLL, J., dissents and would deny.
Weimer, J., dissents and assigns reasons.

. The court of appeal made its own finding that relator failed to state cause of action under this statute.