# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 18-289

**EUGENE J. SONNIER, II**

**VERSUS**

**THE CATHOLIC FOUNDATION OF THE DIOCESE OF LAFAYETTE, ET AL.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20146291
HONORABLE MICHELLE M. BREAUX, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**JOHN D. SAUNDERS**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Marc T. Amy, and Elizabeth A. Pickett, Judges.

**AFFIRMED.**

**Amy, J., concurs and assigns separate reasons.**
**Pickett, J., dissents and assigns reasons.**

**Troy A. Broussard**
**Allen & Gooch**
**P. O. Box 81129**
**Lafayette, LA 70598-1129**
**(337) 291-1000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Society of the Roman Catholic Church of the Diocese of Lafayette**
    **The Catholic Foundation of the Diocese of Lafayette**
    **The Congregation of Saint Genevieve Roman Catholic Church**

**Jeff Landry**
**Attorney General**
**Ryan M. Seidemann**
**Christopher J. Lento**
**Assistant Attorneys General**
**Civil Division**
**1885 North Third Street**
**Baton Rouge, LA 70804-9005**
**(225) 326-6000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Louisiana Cemetery Board**

**Harold D. Register, III**
**Attorney at Law**
**102 Versailles Boulevard, Suite 620**
**Lafayette, LA 70501**
**(337) 735-4443**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Eugene J. Sonnier, II**

**Norlet Pierre**
**In Proper Person**
**1059 Bear Creek Circle**
**Breaux Bridge, LA 70517**
**(337) 247-4794**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Norlet Pierre**

**SAUNDERS, Judge.**

The plaintiff appeals the trial court's denial of his request for a declaratory judgment ordering the defendants to allow him to move the remains of his son from where he is currently interred to another location.

## FACTS & PROCEDURAL BACKGROUND

Following the remand of this matter to the trial court by the supreme court, it is before this court for the second time. *See Sonnier v. Catholic Found. of the Diocese of Lafayette*, 15-1051 (La.App. 3 Cir. 3/2/16), 215 So.3d 804, *writ denied in part; writ granted in part*, 16-839 (La. 10/28/16), 202 So.3d 992. Eugene Sonnier, III (Trey), died in October 2013 while serving in the United States Air Force. Prior to his death, Trey executed a United States Department of Defense Record of Emergency Data Form 93 that designated his father Eugene Sonnier, II, as the Person Authorized to Direct the Disposition (PADD) of his body upon his death

Sonnier originally filed suit to move Trey's remains from Calvary Cemetery in Lafayette after the alleged actions of others prevented him from completing his plan for Trey's interment. He alleged in that petition that he planned for he and Trey to be interred side by side in Calvary Cemetery with a double tomb constructed over their graves. According to his pleadings, his plan required that he purchase three cemetery plots to accommodate the tomb. Sonnier contends that his plan was thwarted when Norlet Pierre, Trey's mother and his ex-wife, and her husband purchased the three cemetery plots before he returned to the cemetery to pay for them. The record indicates that because of the conflict between he and the Pierres regarding the ownership of the three plots, Sonnier asked Saint Genevieve Catholic Church, the cemetery's owner, to retitle the plots purchased by the Pierres in his name. The Church's representative refused, and Sonnier filed suit.

In his initial suit, Sonnier sought to have the plots retitled in his name, or alternatively, to relocate Trey's remains because he was unable to obtain the consent of the church, as required by the cemetery's rules and La.R.S. 8:659, which governs the relocation of the remains of a deceased person. The defendants filed exceptions of no cause of action, asserting that Trey's PADD authorized Sonnier to direct the disposition of Trey's remains but did not dictate the ownership of the burial plot in which he was buried. The exceptions were granted by the trial court, and this court affirmed that judgment. *Sonnier*, 215 So.3d 804.

Sonnier filed an application for writ of certiorari with our supreme court. On review, the supreme court affirmed the grant of the defendants' exceptions of no right of action for recognition of ownership, injunctive relief, or damages. *Sonnier*, 202 So.3d 992. The supreme court concluded, however, that the trial court's ruling was unclear as to whether it made a determination as to Sonnier's alternative claim for re-interring Trey as provided in La.R.S. 8:659. *Id at 993-94.* The supreme court found that "Sonnier failed to allege he requested consent from the cemetery authority for the re-interment or that such consent was requested but wrongfully withheld by defendants, pursuant to La. R.S. 8:659." *Id*. at 993. To allow Sonnier to correct this defect, the court remanded the matter to the trial court to give him "an opportunity to amend his petition to state a cause of action for re-interment pursuant to La.R.S. 8:659." *Id*. at 993-94.

After the matter was remanded, the Louisiana Cemetery Board intervened as a third party of interest, alleging that it has standing in this matter because it is charged with enforcing and administering the provisions of Title 8. La.R.S. 8:66. Shortly thereafter, Sonnier voluntarily dismissed his claims against Ms. Pierre and the cemetery. Subsequently, in August 2017, Sonnier filed a Petition for Declaratory Judgment in which he named Saint Genevieve Roman Catholic Church, Ms. Pierre,

2

and the Louisiana Cemetery Board as defendants. According to Sonnier's petition, Saint Genevieve initially consented to allow him to disinter Trey's remains, but then withdrew its consent to the agreement. Sonnier further alleged that pursuant to state and federal law, Trey's PADD authorized him to disinter Trey and re-inter him in a location of his choice.

After a hearing, the trial court denied Sonnier's request for declaratory judgment ordering defendants to allow him to move the remains of his son from where he is currently interred to another location. Sonnier now appeals the trial court's judgment.

**DISCUSSION OF THE MERITS:**

In his sole assignment of error, Sonnier argues that the trial court erred in denying his request for declaratory judgment. He bases his argument upon the contention that the trial court erroneously interpreted La.R.S. 8:659 - Louisiana's disinterment and reinterment statute - which he asserts authorizes him to direct the disinterment or re-interment of his son's remains, by virtue of his designation as his son's PADD.

In *Sonnier*, 215 So.3d at, 812-13, this court stated:

*Disinterment*

> [B]y the second amending petition, Mr. Sonnier alternatively sought permission to have his son's body moved to another location within Calvary Cemetery "based on all information presented herein which illustrate that Eugene Sonnier, II's rights have been vastly undermined." To the extent the trial court's ruling encompassed this alternative demand, we again leave that claim undisturbed. Instead, 10 U.S.C. § 1482 (c) permits the PADD to "direct disposition of the remains of a decedent[.]" The statute is silent on the right to later disinter those remains.
>
> A. The remains of a deceased person may be moved from a cemetery space to another cemetery space in the same cemetery or to another cemetery with the consent of the cemetery authority and the written consent of one of the following, in the order named, unless other directions in writing have been given by the decedent:

(1) The surviving spouse, if no petition for divorce has been filed by either spouse prior to the death of the decedent spouse.

(2) The surviving adult children of the decedent, not including grandchildren or other more remote descendants.

(3) The surviving parents of the decedent.

(4) The surviving adult brothers and sisters of the decedent.

B. If the required consent cannot be obtained, a final judgment of the district court of the parish where the cemetery is situated shall be required.[i]

This provision makes no reference to Form 93. Additionally, in *Spiess v. Greenwood Development Co., Inc.*, 542 So.2d 810, 813 (La. App. 3 Cir. 1989), a panel of this court made the distinction between a party having the legal authority "to control the disposition of the remains of a deceased person" pursuant to La.R.S. 8:655 and the person(s) having authority to direct the relocation of a deceased's remains per La.R.S. 8:659. Referencing those statutes the panel explained that the plaintiff in that case "clearly had the sole statutory authority to initially determine the decedent's final resting place. However, after the decedent's initial burial, the voluntary consent of the defendant cemetery authority was also statutorily required before the decedent's remains could be disinterred and transferred." *Id.* Notably, while La.R.S. 8:655 includes a reference to the PADD on Form 93, La.R.S. 8:659 includes no such reference.

Based upon this reasoning, this court concluded that Sonnier was not authorized by the PADD to disinter his son's remains. The ruling made clear that La.R.S. 8:659 controls disinterment. We agree with this holding and reach the same conclusion, that is, that La.R.S. 8:659 controls reinterment, and based on the record before us, we conclude that Sonnier is not entitled to disinterment of his son's remains.

**CONCLUSION:**

Eugene Sonnier, II raised one assignment of error, asserting that the trial court erred in denying his request for a declaratory judgment ordering Defendants to allow him to move the remains of his son from where he is currently interred to another location. We hold that La.R.S. 8:659 controls the reinterment of human remains,

4

and the record establishes that Eugene Sonnier, II has not met the requirement of La. R.S. 8:659. Accordingly, we affirm the trial court's denial of Eugene Sonnier, II's Petition for Declaratory Judgment.

We assess all costs of this appeal to Eugene Sonnier, II.

**AFFIRMED**

---

i Amended by Acts 2018, No. 248, § 1, eff. May 15, 2018.

NUMBER 18-289

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

EUGENE J. SONNIER, II

VERSUS

THE CATHOLIC FOUNDATION OF THE DIOCESE OF LAFAYETTE, ET AL.


AMY, Judge, concurring.

Although I join the lead opinion in this case, I write separately in order to further address Mr. Sonnier's assertion that the "[d]ecision from the Louisiana Supreme Court unequivocally stated that Eugene Sonnier, II had the sole and exclusive authority to re-inter Eugene Sonnier, III[.]" (Emphasis removed.)

Reference to the supreme court's ruling confirms that it did, in fact, provide Mr. Sonnier with an opportunity to state a cause of action for re-interment pursuant to La.R.S. 8:659. *Sonnier v. Catholic Found. of the Diocese of Lafayette*, 16-0839 (La. 10/28/16), 202 So.3d 992. However, I do not read that opinion to determine that, given further amendment to the pleading, Mr. Sonnier would have a cause of action given his status as the PADD sole designee and absent the remaining considerations of La.R.S. 8:659. Instead, by its precise wording, the supreme court recognized that the trial court had not made a determination in that regard and further explained that providing Mr. Sonnier "an opportunity to proceed with his action for re-interment" would provide broad deference to the PADD designation. *Sonnier*, 712 So.2d at 993.

As Mr. Sonnier has now filed a Petition for Declaratory Judgment in that regard, on the merits of that claim I find that the trial court correctly denied that plea. As recognized by the lead opinion, the record before the court indicates that Mr. Sonnier has not demonstrated entitlement to relief under La.R.S. 8:659.

EUGENE J. SONNIER, II

VERSUS

THE CATHOLIC FOUNDATION OF THE DIOCESE
OF LAFAYETTE, ET AL.


**Pickett, J., dissenting.**

Subsection B of La.R.S. 8:655 provides that when, pursuant to 10 U.S.C.A. § 1482, a decedent who served in the military had completed a United States Department of Defense Record of Emergency Data Form 93 that designated a Person Authorized to Direct the Disposition (PADD), "the right to control interment for the decedent shall devolve upon . . . the PADD." The majority concludes that because 10 U.S.C.A. § 1482 does not reference disinterment and reinterment and La.R.S. 8:659[1] makes no reference "to the PADD on Form 93," Trey's PADD did not authorize Mr. Sonnier to move Trey's remains. In my view, neither of these facts affect Mr. Sonnier's claim.

---

[1] Section 659 (emphasis added) stated:

　　A. The remains of a deceased person may be moved from a cemetery space to another cemetery space in the same cemetery or to another cemetery with the consent of the cemetery authority and the written consent of one of the following, in the order named, *unless other directions in writing have been given by the decedent*:

　　　　(1) The surviving spouse, if no petition for divorce has been filed by either spouse prior to the death of the decedent spouse.
　　　　(2) The surviving adult children of the decedent, not including grandchildren or other more remote descendants.
　　　　(3) The surviving parents of the decedent.
　　　　(4) The surviving adult brothers and sisters of the decedent.

　　B. If the required consent cannot be obtained, a final judgment of the district court of the parish where the cemetery is situated shall be required.

Subsections A and B of Section 655 grant specified persons "the right to control interment." Section 659 specifies whose consent must be obtained to move buried remains. The majority concludes that because a PADD's consent is not required by Section 659, a PADD has no authority to move buried remains. In my view, Trey's PADD gave Mr. Sonnier the sole right to seek a judgment authorizing the removal and relocation of Trey's remains.

This issue is de novo. Two cases, however, have addressed the "other directions" provision of Section 659. In *Byrd v. Byrd*, 488 So.2d 1134 (La.App. 2d Cir.), *writ denied*, 491 So.2d 23 (La.1986), the court determined that the decedent's repeated statements to his family members that he wanted to be buried next to his grandfather satisfied the "other directions" requirement of Section 659. When *Byrd* was decided, Section 659 did not require that the "other directions" be in writing.

In *Pittman v. Magic City Memorial Co.*, 07-1567 (La.App. 1 Cir. 3/26/08), 985 So.2d 156, the decedent's girlfriend filed suit to have the decedent's remains moved to another cemetery. The decedent had been buried over the girlfriend's objections under the direction of his ex-wife and children. The girlfriend sued the cemetery, and the decedent's ex-wife and children attempted to block the move. In his will, the decedent directed that the plaintiff "take charge of and make all of my funeral and burial arrangements which are to be carried out under her sole direction and in her sole discretion." The decedent also granted her "the sole discretion as to the place of my burial which I intend to be Ponemah Cemetery in Bogalusa, Louisiana." The trial court granted judgment in favor of the plaintiff, and the first circuit affirmed the judgment, explaining:

> The trial court determined that *[the decedent] gave sole authority and discretion to plaintiff to direct the place of his burial when he wrote his last will and testament*. We find no manifest error

2

in this determination. Likewise, we find no error in the trial court's application of LSA-R.S. 8:659, because that *statute clearly exempts the family's consent requirements when the decedent has made other written directions*.

*Id*. at 159 (emphasis added).

Trey did not indicate in his PADD where he wanted to be buried. However, as the supreme court noted, "it is undisputed that Trey specifically designated Mr. Sonnier as the ***sole*** PADD. Trey did not choose his mother as co-designee. Thus, Trey trusted Mr. Sonnier to independently make all decisions relative to his burial." *Sonnier*, 202 So.3d at 993. For this reason, I believe Trey's Form 93 relieved Mr. Sonnier from having to obtain Ms. Pierre's consent. *Pittman*, 985 So.2d 156. Furthermore, even if it is determined that Section 659 requires Ms. Pierre's consent, for the reasons discussed below, I find that her and her husband's actions relieved Mr. Sonnier of fulfilling that requirement.

This case differs from *Byrd* and *Pittman* in that Mr. Sonnier initially consented to Trey's burial in Calvary Cemetery. Section 659 provides that "a deceased person may be moved." For purposes of statutory construction, "the word 'may' is permissive. La.R.S. 1:3. Historically, "[t]he disturbance of the remains of the dead, except for lawful necessary purposes" has been discouraged. *Choppin v. Dauphin*, 48 La. Ann 1217, 1220, 20 So 681, 682 (1896). *See also, Bunol v. Bunol*,12 La.App. 675, 127 So. 70 (La.App.Orl.Cir.1930); *Bradley v. Burgis*, 25 So.2d 753 (La.App.Orl.Cir.1946); *Matter of Dufour*, 622 So.2d 1181, 1185 (La. Ct. App. 1993). Consequently, requests for moving a decedent's remains have been generally been denied.

In *Spiess v. Greenwood Development Co., Inc.*, 542 So.2d 810, p. 813 (La.App. 3 Cir. 1989) (emphasis added), this court identified two factors that must be considered when determining whether a trial court abused its discretion in

denying a request to move a decedent's remains: (1) "exhumation of a body is not favored in the law and is against public policy, except in cases of necessity or for laudable purposes[,]" and (2) whether "the party asserting the right to disinterment *freely consented to the initial interment and with the understanding that the interment place selected was to be permanent.*"

In *Nolan v. Nolan*, 125 So.2d 792 (La.App. 4 Cir. 1961), the court had to determine whether a plaintiff with statutory authority under La.R.S. 8:655 and La.R.S. 8:659 should be allowed to move her husband to another cemetery. In making its decision, the court considered the following factors:

> (1) Whether the initial selection of the resting place was made with deliberation and without mental reservation that at some future time removal might be desired; (2) whether there are evidences of such antagonism and hostility between the surviving spouse and the owners of the tomb or burial plot as would prevent the surviving spouse from visiting the grave freely and without embarrassment or humiliation; and (3) whether the [decedent] had evidenced a preference for one location as opposed to the other.

*Id.* at 795.

The only evidence Mr. Sonnier introduced at the hearing is Trey's PADD. His pleadings and argument of counsel are not evidence. *In re Melancon*, 05-1702, p. 7 (La. 7/10/06), 935 So.2d 661. Ms. Pierre attended the hearing on her own behalf without representation and made a statement on the record explaining her position on Mr. Sonnier's request. Her statement established that a conflict arose between her, her current husband, and Mr. Sonnier regarding Trey's burial and Mr. Sonnier's plans for Trey's burial. Ms. Pierre's statement substantiates Mr. Sonnier's allegations that his plans for Trey's burial have not been fulfilled due to her and her current husband's actions. Thus, Mr. Sonnier's "right to control" Trey's interment and his consent to Trey being buried in his current resting place was undermined and vitiated by the Pierres' purchase of the two plots

4

adjacent to Trey's plot. Unless he is allowed to move Trey's remains, Mr. Sonnier cannot complete his plan for Trey's burial, and the authority to control the disposition of Trey's remains granted to him by Trey's Form 93, will have been ignored and usurped. Accordingly, in my view, the trial court abused its discretion when it denied Mr. Sonnier's request to move Trey to another cemetery, and its judgment should be reversed. I would grant judgment authorizing Mr. Sonnier to move Trey's remains to another location of his choice.

Lastly, I have considered the Board's argument that Title 8's definition of "disposition" does not include disinterment; therefore, Trey's PADD cannot be extended to authorize disinterment. "Disposition" was not defined in the statute until after this suit was filed. The retroactivity of statutes is addressed by La. R.S. 1:2, which states: "[n]o Section of the Revised Statutes is retroactive unless it is expressly so stated." Nonetheless, a law that disturbs vested rights can only be applied prospectively. *Home Bank v. Marcello*, 17-281 (La. App. 4 Cir. 10/18/17) (citing *Landry v. Baton Rouge Police Dep't*, 08-2289 (La. App. 1 Cir. 5/8/09), 17 So.3d 991). Mr. Sonnier's rights under Trey's PADD vested at the time of Trey's death. Application of the amendment would disturb Mr. Sonnier's vested rights; therefore, the definition of disposition cannot be applied herein. Additionally, Section 659 did not address what "other directions" were required to have a decedent's remains moved. This argument lacks merit.