Troy A. Broussard, Allen & Gooch, P.O. Box 81129, Lafayette, LA 70598-1129, (337) 291-1000, COUNSEL FOR DEFENDANT/APPELLEE: Society of the Roman Catholic Church of the Diocese of Lafayette, The Catholic Foundation of the Diocese of Lafayette, The Congregation of Saint Genevieve Roman Catholic Church
Jeff Landry, Attorney General, Ryan M. Seidemann, Christopher J. Lento, Assistant Attorneys General, Civil Division, 1885 North Third Street, Baton Rouge, LA 70804-9005, (225) 326-6000, COUNSEL FOR DEFENDANT/APPELLEE: Louisiana Cemetery Board
Harold D. Register, III, Attorney at Law, 102 Versailles Boulevard, Suite 620, Lafayette, LA 70501, (337) 735-4443, COUNSEL FOR PLAINTIFF/APPELLANT: Eugene J. Sonnier, II
Norlet Pierre, In Proper Person, 1059 Bear Creek Circle, Breaux Bridge, LA 70517, (337) 247-4794, COUNSEL FOR DEFENDANT/APPELLEE: Norlet Pierre
Court composed of John D. Saunders, Marc T. Amy, and Elizabeth A. Pickett, Judges.
SAUNDERS, Judge.
The plaintiff appeals the trial court's denial of his request for a declaratory judgment ordering the defendants to allow him to move the remains of his son from where he is currently interred to another location.
FACTS & PROCEDURAL BACKGROUND
Following the remand of this matter to the trial court by the supreme court, it is before this court for the second time. See Sonnier v. Catholic Found. of the Diocese of Lafayette , 15-1051 (La.App. 3 Cir. 3/2/16), 215 So.3d 804, writ denied in part; writ granted in part , 16-839 (La. 10/28/16), 202 So.3d 992. Eugene Sonnier, III (Trey), died in October 2013 while serving in the United States Air Force. Prior to his death, Trey executed a United States Department of Defense Record of Emergency Data Form 93 that designated his father Eugene Sonnier, II, as the Person Authorized to Direct the Disposition (PADD) of his body upon his death
Sonnier originally filed suit to move Trey's remains from Calvary Cemetery in Lafayette after the alleged actions of others prevented him from completing his plan for Trey's interment. He alleged in that petition that he planned for he and Trey to be interred side by side in Calvary Cemetery with a double tomb constructed over their graves. According to his pleadings, his plan required that he purchase three cemetery plots to accommodate the tomb. Sonnier contends that his plan was thwarted when Norlet Pierre, Trey's mother and his ex-wife, and her husband purchased the three cemetery plots before he returned to the cemetery to pay for them. The record indicates that because of the conflict between he and the Pierres regarding the ownership of the three plots, Sonnier asked Saint Genevieve Catholic Church, the cemetery's owner, to retitle the plots purchased by the Pierres in his name. The Church's representative refused, and Sonnier filed suit.
In his initial suit, Sonnier sought to have the plots retitled in his name, or alternatively, to relocate Trey's remains *967 because he was unable to obtain the consent of the church, as required by the cemetery's rules and La.R.S. 8:659, which governs the relocation of the remains of a deceased person. The defendants filed exceptions of no cause of action, asserting that Trey's PADD authorized Sonnier to direct the disposition of Trey's remains but did not dictate the ownership of the burial plot in which he was buried. The exceptions were granted by the trial court, and this court affirmed that judgment. Sonnier , 215 So.3d 804.
Sonnier filed an application for writ of certiorari with our supreme court. On review, the supreme court affirmed the grant of the defendants' exceptions of no right of action for recognition of ownership, injunctive relief, or damages. Sonnier , 202 So.3d 992. The supreme court concluded, however, that the trial court's ruling was unclear as to whether it made a determination as to Sonnier's alternative claim for re-interring Trey as provided in La.R.S. 8:659. Id. at 993-94 . The supreme court found that "Sonnier failed to allege he requested consent from the cemetery authority for the re-interment or that such consent was requested but wrongfully withheld by defendants, pursuant to La. R.S. 8:659." Id. at 993. To allow Sonnier to correct this defect, the court remanded the matter to the trial court to give him "an opportunity to amend his petition to state a cause of action for re-interment pursuant to La.R.S. 8:659." Id. at 993-94.
After the matter was remanded, the Louisiana Cemetery Board intervened as a third party of interest, alleging that it has standing in this matter because it is charged with enforcing and administering the provisions of Title 8. La.R.S. 8:66. Shortly thereafter, Sonnier voluntarily dismissed his claims against Ms. Pierre and the cemetery. Subsequently, in August 2017, Sonnier filed a Petition for Declaratory Judgment in which he named Saint Genevieve Roman Catholic Church, Ms. Pierre, and the Louisiana Cemetery Board as defendants. According to Sonnier's petition, Saint Genevieve initially consented to allow him to disinter Trey's remains, but then withdrew its consent to the agreement. Sonnier further alleged that pursuant to state and federal law, Trey's PADD authorized him to disinter Trey and re-inter him in a location of his choice.
After a hearing, the trial court denied Sonnier's request for declaratory judgment ordering defendants to allow him to move the remains of his son from where he is currently interred to another location. Sonnier now appeals the trial court's judgment.
DISCUSSION OF THE MERITS:
In his sole assignment of error, Sonnier argues that the trial court erred in denying his request for declaratory judgment. He bases his argument upon the contention that the trial court erroneously interpreted La.R.S. 8:659 - Louisiana's disinterment and reinterment statute - which he asserts authorizes him to direct the disinterment or re-interment of his son's remains, by virtue of his designation as his son's PADD.
In Sonnier , 215 So.3d at 812-13, this court stated:
Disinterment
[B]y the second amending petition, Mr. Sonnier alternatively sought permission to have his son's body moved to another location within Calvary Cemetery "based on all information presented herein which illustrate that Eugene Sonnier, II's rights have been vastly undermined." To the extent the trial court's ruling encompassed this alternative demand, *968 we again leave that claim undisturbed. Instead, 10 U.S.C. § 1482 (c) permits the PADD to "direct disposition of the remains of a decedent[.]" The statute is silent on the right to later disinter those remains.
A. The remains of a deceased person may be moved from a cemetery space to another cemetery space in the same cemetery or to another cemetery with the consent of the cemetery authority and the written consent of one of the following, in the order named, unless other directions in writing have been given by the decedent:
(1) The surviving spouse, if no petition for divorce has been filed by either spouse prior to the death of the decedent spouse.
(2) The surviving adult children of the decedent, not including grandchildren or other more remote descendants.
(3) The surviving parents of the decedent.
(4) The surviving adult brothers and sisters of the decedent.
B. If the required consent cannot be obtained, a final judgment of the district court of the parish where the cemetery is situated shall be required.[1]
This provision makes no reference to Form 93. Additionally, in Spiess v. Greenwood Development Co., Inc. , 542 So.2d 810, 813 (La. App. 3 Cir. 1989), a panel of this court made the distinction between a party having the legal authority "to control the disposition of the remains of a deceased person" pursuant to La.R.S. 8:655 and the person(s) having authority to direct the relocation of a deceased's remains per La.R.S. 8:659. Referencing those statutes the panel explained that the plaintiff in that case "clearly had the sole statutory authority to initially determine the decedent's final resting place. However, after the decedent's initial burial, the voluntary consent of the defendant cemetery authority was also statutorily required before the decedent's remains could be disinterred and transferred." Id. Notably, while La.R.S. 8:655 includes a reference to the PADD on Form 93, La.R.S. 8:659 includes no such reference.
Based upon this reasoning, this court concluded that Sonnier was not authorized by the PADD to disinter his son's remains. The ruling made clear that La.R.S. 8:659 controls disinterment. We agree with this holding and reach the same conclusion, that is, that La.R.S. 8:659 controls reinterment, and based on the record before us, we conclude that Sonnier is not entitled to disinterment of his son's remains.
CONCLUSION:
Eugene Sonnier, II raised one assignment of error, asserting that the trial court erred in denying his request for a declaratory judgment ordering Defendants to allow him to move the remains of his son from where he is currently interred to another location. We hold that La.R.S. 8:659 controls the reinterment of human remains, and the record establishes that Eugene Sonnier, II has not met the requirement of La. R.S. 8:659. Accordingly, we affirm the trial court's denial of Eugene Sonnier, II's Petition for Declaratory Judgment.
We assess all costs of this appeal to Eugene Sonnier, II.
AFFIRMED
Amy, J., concurs and assigns separate reasons.
Pickett, J., dissents and assigns reasons.

Amended by Acts 2018, No. 248, § 1, eff. May 15, 2018.