HUGHES, J., would grant for the reasons assigned by Chief Justice Johnson.
JOHNSON, C.J., would grant the writ application and assigns reasons.
Eugene Sonnier, III ("Trey"), the son of applicant, Eugene J. Sonnier, II ("Mr. Sonnier"), and his ex-wife, Norlet Pierre ("Mrs. Pierre"), died in October 2013 while serving in the United States Air Force. Prior to his death, Trey executed Department of Defense Form 93 which, among other things, allows military members to designate the "person authorized to direct disposition" ("PADD"). Mr. Sonnier was listed as the PADD on Form 93, and thus was the person authorized to make funeral and burial arrangements for Trey. If our goal is to respect the wishes of military personnel who sacrifice their lives for our country, the results of this case directly disrespect the dictates and wishes of the *62 deceased, and purposefully thwart Mr. Sonnier's plans for his son's burial.
Following Trey's death, Mr. Sonnier met with the cemetery manager and purchased a plot as Trey's burial place. Mr. Sonnier further advised the manager that his plan was to construct a double tomb so he could be buried next to his son, and indicated his intent to purchase the two adjacent plots that were necessary to construct the double tomb. Before Mr. Sonnier could return to purchase the plots, Mrs. Pierre purchased the adjacent plots for herself and her spouse. In addition, although Mr. Sonnier was the sole purchaser of Trey's plot, the title to the plot was re-issued jointly to Mr. Sonnier and Mrs. Pierre.
Mr. Sonnier initially filed suit against several parties essentially asserting sole ownership of the plots or, alternatively, seeking permission to move Trey's remains since he had the exclusive right to control his son's interment by virtue of his authority under Form 93. When he was not able to obtain the desired relief in that action, Mr. Sonnier filed a Petition for Declaratory Judgment asserting that Trey's PADD authorized him to disinter Trey and re-inter him in a location of his choice. In my view, Mr. Sonnier is entitled to this relief.
There is no question Mrs. Pierre's actions have prevented Mr. Sonnier from being buried next to Trey in a double tomb, and thus Trey's PADD designation empowering Mr. Sonnier to control Trey's interment has been violated. 10 U.S.C. § 1482, which governs the PADD, provides in pertinent part:
(c) The following persons may be designated to direct disposition of the remains of a decedent covered by this chapter:
(1) The person identified by the decedent on the record of emergency data maintained by the Secretary concerned (DD Form 93 or any successor to that form), as the Person Authorized to Direct Disposition (PADD), regardless of the relationship to the decedent. [Emphasis added].
Comparable Louisiana law provides that the PADD has the right to control interment. At the time of Trey's death, La. R.S. 8:655 provided, in pertinent part:
A. The right to control interment, as defined in R.S. 8:1(26), of the remains of a deceased person, unless other specific directions have been given or the designation of a specific person to control disposition has been made by the decedent in the form of a written and notarized declaration, vests in and devolves upon the following in the order named:
* * *
B. (1) If the decedent died in a manner described by 10 U.S.C. § 1481(a)(1) through (8) while serving in any branch of the United States Armed Forces, the United States Reserve Forces, or National Guard, and the decedent executed a United States Department of Defense Record of Emergency Data, known as DD Form 93, or its successor form, the right to control interment for the decedent shall devolve upon the Person Authorized to Direct Disposition, also referred to as the PADD, as indicated on the DD Form 93 or its successor form . [Emphasis added].
La. R.S. 8:1(26) defines "interment" as "the disposition of human remains by inurnment, scattering, entombment, or burial in a place used or intended to be used, and dedicated, for cemetery purposes." In my view, there is nothing in La. R.S. 8:655 or in the statutory definition of "interment" which limits the PADD's authority to the choice of initial disposition of the remains.
*63 In denying relief to Mr. Sonnier, the court of appeal found disinterment was controlled by La. R.S. 8:659, which provides, in pertinent part:
A. The remains of a deceased person may be moved from a cemetery space to another cemetery space in the same cemetery or to another cemetery with the consent of the cemetery authority and the written consent of one of the following, in the order named, unless other specific directions, in the form of a notarial testament or a written and notarized declaration, have been given by the decedent:
(1) The surviving spouse, if there is no pending petition for divorce filed by either spouse prior to the death of the decedent spouse.
(2) A majority of the surviving adult children of the decedent.
(3) A majority of the surviving adult grandchildren of the decedent.
(4) The surviving parents of the decedent.
(5) A majority of the surviving adult siblings of the decedent.
B. If the required consent cannot be obtained, a final judgment of the district court of the parish where the cemetery is situated shall be required.
The court of appeal concluded Mr. Sonnier did not meet the requirements of the statute. Sonnier v. Catholic Found. of Diocese of Lafayette , 18-289 (La. App. 3 Cir. 12/27/18), 261 So.3d 965, 968. Relying on its earlier opinion in Mr. Sonnier's initial case, the court explained that because this statute does not reference Form 93, Mr. Sonnier was not authorized by the PADD to disinter his son's remains. Thus, based on La. R.S. 8:659, after Trey's initial burial, the court determined the voluntary consent of the cemetery authority was statutorily required before Trey's remains could be disinterred and transferred. Id.
I strongly disagree that Mr. Sonnier is required to obtain consent from the cemetery, or Mrs. Pierre, in order to move Trey's remains. As I wrote in my concurrence in this court's action on Mr. Sonnier's original writ application:
In my view, requiring the consent of the cemetery pursuant to La. R.S. 8:659 violates Mr. Sonnier's PADD rights. 10 U.S.C. § 1482, which governs the PADD, provides the PADD is designated "to direct disposition of the remains of a decedent." Comparable Louisiana law provides that the PADD has the right to control interment. Mr. Sonnier's decision pursuant to his PADD power to control Trey's interment included the plan that they be buried next to each other in a double tomb. Thus, based on the specific facts of this case, Mr. Sonnier's PADD's authority in this case cannot be limited to the choice of initial disposition of the remains. Thus, any refusal to allow re-interment would impede Mr. Sonnier's PADD authority.
Sonnier v. Catholic Found. of the Diocese of Lafayette , 16-0839 (La. 10/28/16), 202 So.3d 992, 994 (J, additionally concurring). I am of the same opinion today. Mr. Sonnier's "right to control" Trey's interment was directly undermined by Mrs. Pierre's purchase of the two adjacent plots. Thus, unless Mr. Sonnier is allowed to disinter and re-inter Trey's remains, his authority to control the disposition of Trey's remains granted to him by Form 93 will be usurped.
Trey honorably served this country as a member of the United States Air Force. Our service men and women work every day to protect and defend this nation, and put their lives at risk for the benefit of all Americans. These brave men and women necessarily rely on the validity of their formal designations, and should be able to *64 trust that their wishes will be honored in the event their lives are lost in the line of duty. Here, it is undisputed that Trey specifically designated Mr. Sonnier as the sole PADD. Trey could have chosen his mother, but did not do so. Thus, Trey trusted Mr. Sonnier to make all decisions relative to his burial. Mr. Sonnier chose and purchased a burial plot for Trey and planned to be buried next to his son in a double tomb. However, Mrs. Pierre's actions have impeded Mr. Sonnier's authority and undermined his decision. Giving Trey's PADD directive the broad deference it deserves, I would find Mr. Sonnier is legally entitled to move his son's remains to a burial location of his choice. I find it outrageous to suggest that La. R.S. 8:659 supercedes 10 U.S.C. § 1482. If Mrs. Pierre could not control her son's burial, she likewise should not be allowed to have any vote on her son's disinterment and reburial.