NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

23-167

EUGENE J. SONNIER, II

VERSUS

THE CONGREGATION OF ST. GENEVIEVE
ROMAN CATHOLIC CHURCH D/B/A
CALVARY CEMETERY

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20214828, Div. E
HONORABLE MICHELLE M. BREAUX, DISTRICT JUDGE

**********

SHARON DARVILLE WILSON
JUDGE

**********

Court composed of D. Kent Savoie, Van H. Kyzar, and Sharon Darville Wilson, Judges.

AFFIRMED.

**G. Karl Bernard**
**KARL BERNARD LAW, LLC**
**1615 Poydras Street, Suite 101**
**New Orleans Louisana  70112**
**(504) 412-9953**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
      **Eugene J. Sonnier, II**

**Troy Allen Broussard**
**ALLEN & GOOCH, A Law Corporation**
**Post Office Box 81129**
**Lafayette, Louisiana  70598-1129**
**(337) 291-1370**
**COUNSEL FOR DEFENDANT/APPELLEE:**
      **The Congregation of St. Genevieve Roman Catholic Church**
      **d/b/a Calvary Cemetery**

**WILSON, Judge.**

Plaintiff, Eugene J. Sonnier, II (Mr. Sonnier), filed suit for breach of contract and detrimental reliance after Defendant, St. Genevieve Roman Catholic Church d/b/a Calvary Cemetery (Calvary Cemetery), re-titled the plot where his son is buried to reflect joint ownership between Mr. Sonnier and his ex-wife, Norlet Pierre (Mrs. Pierre), and sold two adjacent plots to Mrs. Pierre and her husband. Mr. Sonnier appeals the dismissal of his lawsuit, with prejudice, by the granting of Calvary Cemetery's exception of res judicata.

I.

## ISSUES

We must decide whether the trial court erred in failing to find that the circumstances of this case justify the imposition of the exceptions to the general rule of res judicata found in La.R.S. 13:4232.

II.

## FACTS AND PROCEDURAL HISTORY

The facts of this case are well known to this court since this is not the first time they have been heard by us. Mr. Sonnier's and Mrs. Pierre's son, Eugene Sonnier, III (Trey), died in a motorcycle accident on October 27, 2013, while on active duty as an Airman First Class in the United States Air Force. He was stationed at McGuire Air Force Base in New Jersey at the time of his death. Prior to his death, Trey executed Department of Defense Form 93 designating Mr. Sonnier as the person authorized to direct the disposition of his remains (PADD) should he die while in military service.

After being notified of his son's death and of his appointment as his son's PADD, Mr. Sonnier, who is a mortician, elected to have his son's body prepared by a mortuary in New Jersey and then flown back to Lafayette, Louisiana. Mr.

Sonnier's long-time employer, Syrie Funeral Home, handled the arrangements for Trey's funeral services. Meanwhile, Mr. Sonnier met with Paul Dunand, director of Calvary Cemetery. Mr. Sonnier chose one plot to be Trey's final resting place and expressed his intention to purchase two adjacent plots so that the three plots could be used to construct a family tomb wherein Trey would be interred in the middle plot, and Mr. Sonnier and his daughter would be buried in the other plots. The plots were numbered 20, 21, and 22. Mr. Sonnier contends that Calvary Cemetery had a longstanding and well-known custom of reserving adjacent plots for family members.

Mr. Sonnier finalized the arrangements for the immediate acquisition of Plot 21, and Trey's funeral service was held on November 4, 2013. Mr. Sonnier alleges that he contacted Mr. Dunand to finalize the purchase of Plots 20 and 22 on or about November 21, 2013, but Mr. Dunand informed him that the plots had been sold to Mrs. Pierre and her husband. Mr. Sonnier further alleges that in December of 2013, Calvary Cemetery, at the request of Mrs. Pierre, re-titled Plot 21 to reflect joint ownership between Mr. Sonnier and Mrs. Pierre even though Mrs. Pierre had not made any financial contribution toward the purchase of Plot 21.

These operative facts form the basis of several lawsuits, including the instant suit, filed by Mr. Sonnier. The first suit, naming the Catholic Foundation of the Diocese of Lafayette (the Diocese) and Mrs. Pierre as defendants, was filed in the Fifteenth Judicial District Court under docket number C-2014-6291-E on December 16, 2014. In that Petition for Recognition of Ownership and for Injunctive Relief, Mr. Sonnier sought sole ownership of Plot 21. The Diocese filed an exception of no cause of action, alleging that it did not own Calvary Cemetery. Mr. Sonnier amended his petition to name St. Genevieve Roman Catholic Church of the Diocese of Lafayette (St. Genevieve) as a defendant. Mrs. Pierre filed an exception of

2

vagueness and ambiguity of the petition. Thereafter, Mr. Sonnier filed a second amended petition, and, in response, the Diocese, St. Genevieve, and Mrs. Pierre filed exceptions of no cause of action, which were granted by the trial court in a judgment that dismissed all of Mr. Sonnier's claims against all defendants. This court affirmed the trial court's judgment. *Sonnier v. Catholic Foundation of the Diocese of Lafayette*, 15-1051 (La.App. 3 Cir. 3/2/16), 215 So.3d 804, *writ denied in part*, 16-839 (La. 10/28/16), 202 So.3d 992. Mr. Sonnier sought writs from the Louisiana Supreme Court, which granted writs in part and amended the judgment of the court of appeal "for the sole purpose of providing that the case shall be remanded to the district court to give relator an opportunity to amend his petition to state a cause of action for re-interment pursuant to La.R.S. 8:659." *Sonnier v. Catholic Foundation of the Diocese of Lafayette*, 16-839, p. 3 (La. 10/28/16), 202 So.3d 992, 993-94. The supreme court affirmed the finding that Mr. Sonnier "failed to state a cause of action for recognition of ownership, injunctive relief or damages." *Id.* at 992.

After remand, the Louisiana Cemetery Board intervened. Mr. Sonnier voluntarily dismissed his claims against Mrs. Pierre and the cemetery and then, under the same docket number, C-2014-6291-E, filed a petition for declaratory judgment, naming St. Genevieve, Mrs. Pierre, and the Louisiana Cemetery Board as defendants. Mr. Sonnier sought a declaratory judgment ordering defendants to allow the disinterment of Trey's remains so that he could move Trey to another location that would be suitable for his original plan for a family tomb. The trial court denied Mr. Sonnier's request, and Mr. Sonnier appealed. A divided panel of this court affirmed the trial court's denial of the petition for declaratory judgment based on a finding that La.R.S. 8:659 controls reinterment and that, based on the record, Mr. Sonnier was not entitled to disinterment of Trey's remains. *Sonnier v. Catholic Foundation of the Diocese of Lafayette*, 18-289 (La.App. 3 Cir. 12/19/18), 261 So.3d

3

965, *writ denied*, 19-128 (La. 4/8/19), 267 So.3d 61, *cert. denied*, 140 S.Ct. 524 (2019). The Louisiana Supreme Court and the United States Supreme Court denied writs. *Id.*

The second suit was filed on November 9, 2015, in the Fifteenth Judicial District Court under docket number C-2015-5619-K. Calvary Cemetery was the named defendant, and the petition was titled "Petition for Permission to Remove Remains." The suit was dismissed with prejudice by an October 3, 2016 judgment, which granted Calvary Cemetery's exception of res judicata. No appeal was taken.

On September 6, 2016, Mr. Sonnier filed suit against the Diocese of Lafayette, Bishop Michael Jerrell, and Father Brian Taylor (the pastor of St. Genevieve). This suit was filed in the Fifteenth Judicial District Court under docket number C-2016-4584-E and in federal court. Mr. Sonnier alleged that Father Taylor revealed Mr. Sonnier's confessions to other individuals by expressing concerns that Mr. Sonnier was using the confessional to have communications involving the litigation concerning Trey's burial. Those suits were dismissed in February of 2017 for lack of subject matter jurisdiction.

A fourth suit was filed in the Fifteenth Judicial District Court under docket number C-2017-3503-B on June 14, 2017. This Petition for Declaratory Judgment named the Diocese as defendant. Mr. Sonnier sought a judgment recognizing that he was authorized to direct the disposition of Trey's remains and disinter and reinter Trey at a cemetery of Mr. Sonnier's choosing. The third suit was voluntarily dismissed without prejudice on September 6, 2017.

On September 17, 2021, Mr. Sonnier filed the instant Petition for Damages and Declaratory Judgment in the Fifteenth Judicial District Court under docket number C-2021-4828-E. Calvary Cemetery was named as defendant. Mr. Sonnier sought damages for breach of contract and detrimental reliance. Calvary Cemetery

4

filed a peremptory exception of res judicata, which was granted by the trial court. On November 29, 2022, the trial court signed a judgment granting the exception of res judicata and dismissing the lawsuit with prejudice. The judgment also denied Mr. Sonnier's request for leave to amend the lawsuit. This appeal followed.

III.

## STANDARD OF REVIEW

"The standard of review of a judgment sustaining res judicata is a mixed standard, consisting of both manifest error and de novo review. In other words, all factual findings are reviewed under the manifest error standard, and all questions of law are reviewed de novo." *Bethel v. Simon*, 22-198, pp. 4-5 (La.App. 3 Cir. 6/22/22), 344 So.3d 226, 229-30 (citations omitted). "[T]he *res judicata* effect of a prior judgment is a question of law that is reviewed de novo." *Jefferson Marine Towing, Inc. v. Kostmayer Constr., LLC*, 09-310, p. 5 (La.App. 5 Cir. 1/26/10), 32 So.3d 255, 259, *writ denied*, 10-378 (La. 4/23/10), 34 So.3d 265.

IV.

## LAW AND DISCUSSION

"*Res Judicata* is designed to 'promote judicial efficiency and final resolution of disputes,' and generally precludes the re-litigation of claims arising out of the same facts and circumstances between the same parties of a previous suit in which there is a valid, final judgment." *Sutton v. Adams*, 22-1672, 22-1674, 22-1677, p. 3 (La. 3/7/23), 356 So.3d 1038, 1042, *quoting Avenue Plaza, LLC v. Falgoust*, 96-173, p. 4 (La. 7/2/96), 676 So.2d 1077, 1079. Louisiana Revised Statutes 13:4231 provides, in pertinent part, that:

> a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> . . . .

5

(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

Louisiana Code of Civil Procedure Article 425(A) states that "[a] party shall assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation."

"The burden of proving the facts essential to support the objection of *res judicata* is on the party pleading the objection." *Pirosko v. Pirosko*, 22-1000, p. 9 (La.App. 1 Cir. 2/24/23), 361 So.3d 1011, 1018.

Mr. Sonnier "concedes that the judgment in the first lawsuit, 15th JDC, Docket No. 2014-6291, involved the same parties as the matter at hand and is final and valid." Mr. Sonnier "also concedes that both suits arise out of the same transaction and occurrence[.]" Mr. Sonnier's counsel stated, "it's no doubt that this case appears to be a textbook example of why the principles of res judicata exist, to prevent the re-litigation of cases[.]" However, Mr. Sonnier urges that his case warrants an exception to the rule. Louisiana Revised Statutes 13:4232 provides, in pertinent part, that "[a] judgment does not bar another action by the plaintiff: (1) When exceptional circumstances justify relief from the res judicata effect of the judgment[.]" Exceptional circumstances have been defined as "complex procedural situations in which litigants are deprived of the opportunity to present their claims due to unanticipated quirks in the system, to factual situations that could not be anticipated by the parties, or to decisions that are totally beyond the control of the parties." *Kevin Assoc., LLC v. Crawford*, 04-2227, p. 8 (La.App. 1 Cir. 11/4/05), 917 So.2d 544, 549, *writ denied*, 06-220 (La. 5/5/06), 927 So.2d 311. Specifically,

Mr. Sonnier argues that "a cursory read of the lawsuits filed and the resulting adjudication, coupled with the dissenting and concurring opinions published by member of appellate courts involved, illustrate the complexity of and convoluted circumstances in this matter." Mr. Sonnier also asserts that the prior litigation "presented a unique question" regarding the PADD's authority pursuant to Title 10 U.S.C. § 1482, and whether Louisiana law is preempted by federal law. Mr. Sonnier argues that exceptional circumstances exist because there is conflict between federal and state law in that Louisiana law, in La.R.S. 8:659, imposes additional burdens and requirements on a PADD that are not present in 10 U.S.C. §1482. Mr. Sonnier further contends that all of the procedural flaws that resulted in the dismissal of his previous lawsuits have been corrected in the instant suit and that the merits of his claim have never been adjudicated.

Mr. Sonnier was given the opportunity to present additional briefing on the issue of whether 10 U.S.C § 1482 granted a PADD the authority to exhume and relocate a service member's remains.[1] Mr. Sonnier could point to no cases that allowed this. Calvary Cemetery points out that the instant suit is not an action to move Trey's remains but is an action for damages predicated on breach of contract and detrimental reliance such that La.R.S. 8:659 and 10 U.S.C. § 1482 are inapplicable and such that any alleged conflict between the two is irrelevant.

Calvary Cemetery argues that no exceptional circumstances are present in this case and that Mr. Sonnier is merely complaining that the complex substantive legal issues were wrongly decided by the Fifteenth Judicial District Court, the Third Circuit Court of Appeal, the Louisiana Supreme Court, and the United States

---

[1] Mr. Sonnier and Calvary Cemetery both filed additional briefs following oral argument. Mr. Sonnier filed a reply to Calvary Cemetery's post-argument brief, and Calvary Cemetery filed a motion to strike that reply. We hereby deny that motion to strike. We have read and considered all of the post-argument briefs.

Supreme Court. Calvary Cemetery asserts that "this is not a situation in which Sonnier filed prior lawsuits and, due to some profound procedural complexity or legal complication, inadvertently failed to assert a claim against this same defendant that should have been brought at that time." According to Calvary Cemetery, Mr. Sonnier is asserting the same claims that he asserted in the prior litigation even though those claims were dismissed with prejudice via final judgment.

In discussing the trial court's discretion in granting relief from the res judicata effect of a judgment due to the existence of exceptional circumstances, the comments to La.R.S. 13:4232 state that discretion "is necessary to allow the court to balance the principle of res judicata with the interests of justice" and "must be exercised on a case by case basis and such relief should be granted only in truly exceptional cases, otherwise the purpose of res judicata would be defeated."

We may agree with Mr. Sonnier that this case presented a unique and complex issue; however, Mr. Sonnier has not shown that he was deprived of the opportunity to present his claims or the existence of any other exceptional circumstance. Mr. Sonnier asserts that there is no claim in the instant lawsuit to move Trey's remains, but he states that allowing him "to move his son's remains to another cemetery space within the same cemetery would be a satisfactory legal remedy to [his] breach of contract and detrimental reliance claims." So, it is important to recognize that "[p]rior litigation of an issue is not required in order for a cause of action to be barred by res judicata." *Henkelmann v. Whiskey Island Preserve, LLC*, 13-180, p. 6 (La.App. 1 Cir. 5/15/14), 145 So.3d 465, 470.

> After a final judgment, res judicata bars relitigation of any subject matter arising from the same transaction or occurrence as a previous suit. *See* La.R.S. 13:4231; La. C.C.P. art. 425. Implicit in the concept of res judicata is the principle that a party had the *opportunity* to raise a claim in the first adjudication[] but failed to do so.

*Id*. (emphasis in original).

8

In the alternative, Mr. Sonnier argues that he should be allowed leave to amend this petition to "re-urge" the claims set forth in docket number C-2017-3503-B, his suit against the Catholic Foundation of the Diocese of Lafayette that was voluntarily dismissed without prejudice. Calvary Cemetery argues that the defect (i.e., res judicata) cannot be cured such that allowing Mr. Sonnier an opportunity to amend his petition would be futile since allowing Mr. Sonnier to assert the same allegations would create "yet another situation" for the application of res judicata. We agree.

V.

## CONCLUSION

For the foregoing reasons, we find that the trial court correctly sustained the exception of res judicata and correctly denied Mr. Sonnier's request to amend the petition. The trial court's judgment is affirmed in its entirety. Costs of this appeal are assessed to Plaintiff/Appellant, Eugene J. Sonnier, II.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.

9